## Hunter v. City of Louisville, et al.

### (Decided June 22, 1923.)

### Appeal from the Jefferson Circuit Court (Chancery Branch, Second Division).

1.  Statutes—Provision for Joint City and County Construction of Hospital Held Valid Under Title.—Even if Acts 1922, c. 59, could be construed as authorizing the construction of a tuberculosis hospital by a city alone without the assistance of a county and thereby would be broader than its title, which refers to the joint construction of such hospital by a city and county, the act is not thereby invalidated in so far as it permits a joint construction of such hospital, as it clearly does permit, by funds contributed by both the city and county.

2.  Constitutional Law—Doubts as to Sufficiency of Title Resolved in Favor of Constitutionality.—Though Constitution, section 51, requires the title to be a true index of what an act contains, doubts must be resolved in favor of constitutionality.

3.  Statutes—Only Portion of Act Not Indicated by Title is Invalid.—Where the body of an act is broader than its title, only so much thereof as is not indicated by the title is void unless the elimination of that portion would so emasculate the whole act that it cannot reasonable be presumed the legislature would have passed it in such condition.

4.  Hospitals—Petition Held Not to Show City was Acting Under Invalid Portion of Act.—Even if Acts 1922, c. 59, was invalid in so far as it authorized a city to construct a tuberculosis hospital without co-operation by a county, a petition to restrain the issuance and delivery of city bonds for the construction of such hospital was not sufficient on demurrer, where it did not allege that the county has refused or failed to perform its part in the joint enterprise, since it cannot be presumed that the city is acting alone under the invalid provision.

5. Statutes—Act Authorizing Joint Erection of Hospital Held Not to Revise, Amend, Extend, or Confer Existing Law by Reference Contrary to Constitution.—Acts 1922, c. 59, authorizing the joint erection by a city and county of a tuberculosis hospital through the agency of the board of tuberculosis hospital created by Ky. Stats., section 3037c, and conferring on the board temporary powers with reference to such construction, but which expressly recited that it was enacted agreeably to the earlier statute, did not revise, amend, extend, or confer the earlier statute by reference contrary to Constitution, section 51.

EMMET R. FIELD for appellant.

WM. T. BASKETT and DAVID W. FARLEIGH for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This .is a taxpayer's bill to enjoin the city of Louisville and its mayor from issuing or delivering $750,000.00 of city bonds to the "Board of Tuberculosis Hospital," and to enjoin the latter from receiving or selling same.

The issuance and selling of these bonds was authorized by chapter 59 of the 1922 Acts, upon approval by the voters of the city, to be obtained at an election as therein provided, and it is agreed that this approval was regularly obtained, that every preliminary requirement of the act has been scrupulously complied with, and that the issuance and sale of the bonds cannot be interfered with if the act is valid. But it is strenuously insisted that the act is invalid because violative of both provisions of section 51 of the state Constitution, which provides:

"No law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."

The title of the act reads:

"AN ACT to enable counties containing therein cities of the first class, and such cities, jointly, to acquire, construct, furnish, equip, and maintain tuberculosis hospitals in such counties, for the care, maintenance, and treatment of persons afflicted with tuberculosis, agreeably to the provisions of section 3037-c, Kentucky Statutes, Carroll's edition of 1915, providing for the creation, in such counties, of a 'Board of Tuberculosis Hospital,' and for the maintenance of such hospitals."

Section 1 thereof declares that the city and county may provide funds for tuberculosis hospital, the city by bond issue and the county by tax levy or levies.

Section 2 authorizes the city to call an election to ascertain the will of the voters of the city with reference to issuing the bonds for the purpose of acquiring, equipping and furnishing all necessary property, buildings and equipment for a modern and adequate tuberculosis hospital, and to fix the denomination, rate of interest, and maturity of such bonds, etc.

·Section 3 provides that, if the voters approve the bond issue, the bonds shall be issued and turned over to the Board of Tuberculosis Hospital, created and existing under section 3037c, Kentucky Statutes, and this board shall sell same.

Sections 4 to 11, inclusive, define the powers and duties of the board in carrying out the purposes of the act, giving, however, in section 8 to the city council and fiscal court of the county certain powers with reference to the selection of suitable sites, plans, etc.

Section 12 empowers the fiscal court of the county to levy an annual tax of five cents on the $100.00 for four years, and so long thereafter as the fiscal court may deem necessary or desirable, provided such bond issue is authorized by the voters of the city; and that such taxes shall be levied and collected annually by the county and turned over to the Board of Tuberculosis Hospital, to be added to and used with and for the same purposes as the proceeds of the city bonds.

Section 13 reads:

"Act not to Interfere with Existing Board, etc.— Nothing in this act shall be construed as interfering with, or abridging, the regular duties and powers of any 'Board of Tuberculosis Hospital,' already created and acting under the provisions of section 3037c, Kentucky Statutes; but any such existing board is hereby authorized, empowered and directed to discharge the duties imposed by this act; and whenever the work of acquiring, constructing, furnishing and equipping said hospital as herein provided for, is fully completed, the special powers of said board herein conferred for the purposes of carrying out the provisions of this act, shall cease. At the conclusion of said work, all property, real, personal, and mixed, franchises, easements, maps, books, plans, and papers however acquired by said board under

the provisions of this act, shall be held and used by said board for the purposes of such joint city and county tuberculosis hospital agreably to section 3037c, Ken-tucky Statutes, and any acts amendatory thereto; and said hospital shall be, and remain under the supervision of said board, and shall be maintained for the purposes named in section 3037c, Kentucky Statutes, and of acts amendatory thereto.''

The remaining sections are not pertinent to this inquiry, unless it be sections 21 and 22, providing, respectively, that partial invalidity shall not invalidate other parts of the act, and that it shall be liberally construed in favor of its purposes.

It will have been noticed that the title indicates that by the act the city and county, through the agency of the Board of Tuberculosis Hospital, are jointly ''enabled'' to acquire, etc., and the body of the act makes action toward that end by the county dependent upon prior action by the city; but there is no provision that the city may not do what it is empowered to do whether the county acts or not.

Because of this omission, which was due no doubt to inadvertence rather than design, it is contended the body of the act permits the city alone to accomplish fully the purposes of the act, and therefore does not fulfill the promise of the title that only a joint undertaking would be authorized.

We might agree with this contention—strained though we believe it to be—without being required to go further than declare the act void in so far as it permits, if it does permit, the city without help from the county to carry out the purposes of the act. But it certainly is not void on this account in so far as it permits, if it does permit, a joint accomplishment of its purposes by funds contributed by both the city and county to their joint agent, the Board of Tuberculosis Hospital.

There can be no doubt but that the body of the act enables the city and county to join in the accomplishment of its purposes—the city by issuing bonds and delivering them for sale to the hospital board, and the county by levying a tax and delivering its contribution to the same board—the whole sum thus contributed by the city and county to be used by it in accomplishing the purposes of the act; and certainly, if both the city and county perform as they are thus enabled to do, their

action would be in accordance with both the promises of the title and the body of the act.

· The rule is thoroughly established that the title must be a true index of what an act contains, but it is just as well settled that doubts must be resolved in favor of constitutionality, and that only so much of an act as is not indicated by its title is void, unless its elimination would so emasculate the whole act as that it cannot reasonably be presumed the legislature would have passed it in such condition. No such presumption can prevail here, since the legislature has expressly declared that partial invalidity shall not affect other parts, and both the title and the body of the act show plainly that the whole purpose of the legislature was to enable both the city and the county to raise and contribute funds toward the further development and improvement of an enterprise already established and jointly supported by them for their mutual good.

It seems clear therefore that under the most unfavorable view of the act, the city's action in issuing the bonds and turning them over to the hospital board is authorized and valid, if the county has or will perform any part of its permissible share in the joint program, validly authorized by the act. And attention should here be called to the fact that the act does not contemplate, nor the title require, equal contributions from the city and county, but only that both shall contribute of their funds and thereby have a part in accomplishing the purposes of the act, since by so doing they jointly provide adequate hospital facilities for their joint use, as contemplated by both the title and the body of the act.

The petition does not allege that the county has refused or failed to perform its part as contemplated by the act in the joint enterprise, and it must be presumed upon demurrer to the petition that it has done so or will do so in due time, and also that the city is not acting alone and invalidly.

Hence the court did not err in sustaining a demurrer to the petition and in dismissing same upon plaintiff's refusal to plead further, unless the act is unconstitutional for the other reason assigned.

In 1906, the legislature, by an act which as amended in 1912 is now 3037c of the statutes, created the "Board of Tuberculosis Hospital," and it is claimed that the references thereto in both the title and body of the act

now before us violate the latter portion of section 51 of the Constitution, providing that:

"No law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length."

But this new and independent act does not revise, amend, extend or confer any of the provisions of the existing law, as is clear not only from a consideration of their provisions and purposes but also from the references themselves. These references are, that the new act is enacted "agreeably to the provisions" of the older act, and therefore not as a revision, amendment, extension or conferring of any of its provisions. The very purpose of these references was to make it perfectly clear that the provisions of the older act were not disturbed in any way, and that this act was entirely separate and distinct from and wholly independent of it.

This act had in view the accomplishment of a single particular object, different from and beyond anything contemplated by the existing law, and it confers new and temporary powers, not inconsistent with, but different from, the permanent powers conferred by the act of 1906, upon the city, the county, and the hospital board. The two acts treat of the same general subject, and employ the same joint agency of the city and county to accomplish their purposes; but otherwise they are wholly unrelated, and there is no conflict whatever in any of their parts, or dependency by the one upon the other.

We are clearly of the opinion therefore that this act does not offend in any way section 51, *supra*, and the judgment is affirmed.