## Kelley v. Hardwick et al.

(Decided March 8, 1929.)

LOGAN, GILLIAM & LOGAN and ALEX M. CHANEY for appellant.

FLOYD J. LASWELL and DAVIS & HARRISON for appellee Mahlosky.

COLEMAN TAYLOR, R. MILLER HOLLAND and LOUIS I. IGLEHEART for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This suit was brought by the appellant against the appellees to quiet his title to an oil lease. A demurrer was sustained to the petition, and the appellant declining to plead further, his petition was dismissed, and he appeals.

On the 22d day of June, 1920, T. M. Bennett and Arrie Bennett, his wife, executed an oil lease to the appellant covering some property they owned in Daviess county. The pertinent part of the lease reads:

"The party of the second part agrees to commence a well on said premises within one year from the date hereof, or pay at the rate of 25 cents an acre for each additional 12 months such completion is delayed from the time above mentioned for the completion of such well until a well is completed . . . Rentals to be paid at ——."

The appellant never developed the leased premises nor did he pay or even tender any rent until just before this suit was brought in February, 1928. In the meantime the Bennetts sold the property covered by their lease to Pete Mahlosky, and he in July, 1927, put a cap lease upon the property which by mesne assignments has come into the ownership of the appellees. They starting development, this suit was brought.

Chapter 24 of the Acts of 1920, now section 3766b1c et seq. of the Statutes, by its first two sections provides:

"Whenever, in any lease of lands for oil and gas purposes, it is provided in substance that actual drilling or development may be postponed by the pay-

ment or tender of rentals on or before the date fixed in said lease for such payment or tender, if the lessee or assignee of said lease shall fail to pay or tender said rents on or before the date stipulated in the lease, or contract to pay, then said lease or contract shall be void, unless the lessor thereafter, and before executing a new lease or contract, shall accept said rentals.

"That all valid existing or future contracts and leases for oil and gas rights upon and under the lands of this commonwealth, wherein by their terms a rental clause is provided in event of failure to drill for oil or gas within a given period, are hereby validated and declared to be, and shall be, construed by the courts of this commonwealth enforcible and binding contracts according to the terms thereof between the parties so long as the rentals therein provided shall be paid or tendered at and as provided by their terms during the period of said lease and contract."

Under the provisions of this statute, if the lessee or his assignee fails to pay or tender the rents provided for by the lease on or before the date stipulated in the lease or contract for payment, then the lease or contract is void. Appellant insists that this statute is not applicable to his lease because there is no date stipulated in his lease for the payment of the rent and even if the statute is applicable it is unconstitutional. In the case of Dix River Barytes Co. v. Pence (Ky.) 123 S. W. 263, the provision in question of the lease there involved was that the lessee was to commence operations under the lease within one year from its execution, or, in lieu thereof, to pay the lessor 20 cents per acre per annum thereafter until operations were commenced. It was held in substance that this rent was due annually at the end of each year beginning with the second year. This holding was cited with approval and applied in case of Warren Oil & Gas Co. v. Gilliam, 182 Ky. 807, 207 S. W. 698, and by inference in the case of McNutt v. Whitney, 192 Ky. 132, 232 S. W. 386. As stated in these opinions, the real purpose of an oil and gas lease is to provide for development, and the lease should be construed with that idea in mind. To permit the lessee to put off until the end of the term the payment of rental for delayed development, as appellant argues should here be done, would be to remove all incentive to a prompt development of the leasehold. The lease

must be construed if possible to bring as strong a pressure to bear as possible on the lessee to begin development as soon as he can. The covenant as to rent must be interpreted in the light of this principle, and we adhere to the interpretation put upon a like covenant in the cases cited above.

Even if this be true, it is insisted that the act of 1920 which makes this lease void for failure to pay the rental on or before the date stipulated is violative of section 51 of the Constitution, in that the title of the act does not give notice that the body of the act provides for any forfeiture of the leases to which the title of the act refers. The title is: "An Act to standardize, validate, define and enforce contracts and leases for lands leased for oil and gas purposes and to provide for how and when off-set wells shall be drilled." Acts 1920, c. 24.

In Wood v. Commonwealth, 225 Ky. 294, 8 S. W. (2d) 428, in applying section 51 of the Constitution to the act there attacked, we said:

"Section 51 of the Constitution has been before this court for construction in numerous cases and we have uniformly held that the title must be the true index of what the act contains and that so much of an act as is not indicated by its title is void. Hunter v. City of Louisville, 199 Ky. 834, 252 S. W. 119. The purpose of the first clause of section 51 is to prevent misleading or deceiving the Legislature and the public as to the nature of an act by the title given it. The title should give fair and reasonable notice to interested persons of the nature of the provisions contained in the act. The subject expressed in the title may be broader or more comprehensive than the provisions contained in the body of the act, but, when the title is restrictive, matters, not a part of or properly connected therewith, as it is fairly and reasonably understood, cannot be incorporated in the act without violating the constitutional provision."

In Wiemer v. Commissioners Sinking Fund of Louisville, 124 Ky. 377, 99 S. W. 242, it was said:

"A title to an act is not, in order to meet the requirements of the Constitution, bound to contain all the details of the body of the act. If so, the title would necessarily be as extensive as the body. All

that is required is that the body of the act should be so related to the title as to be easily and naturally embraced within its terms, or, as it is sometimes said, they must be germane to each other. The relation should be so natural and obvious that the ordinary mind will readily perceive it. The General Assembly may, by the terms used in the title, restrict the scope of the act to as narrow a plane as they choose; and it follows that, if the title be too narrow and restrictive to embrace any part of the body of the act, to that extent the statute will be unconstitutional, although the different parts of the body are sufficiently cognate as not to be inimical to the inhibition of the Constitution against placing more than one subject in an act.''

Applying the principles thus laid down, we are of opinion that the title to the act here attacked is not violative of section 51 of the Constitution. This title states inter alia that it is an act "to enforce" oil leases and contracts. Webster's Dictionary defines the word "enforce": "To force; constrain; compel; to put in force; to cause to take effect; to give effect to; to execute with vigor."

The provision that the failure to pay stipulated rentals on or before the day provided by the lease for that purpose shall work a forfeiture of such lease has a direct tendency to enforce the lease. This provision compels obedience to that part of the lease providing for rental payments on pain of forfeiture for failure to do so. The forfeiture is certainly germane to the enforcement of the provision for rental payments, and is easily and naturally embraced within such term. Hence the title sufficiently covers it and the act is not unconstitutional on the ground urged.

It follows that, as the petition on its face showed that the rentals provided for by the lease had not been paid on or before the date on which according to the lease they should have been paid, the lease had long since been forfeited, and therefore the appellant was not entitled to have his claimed leasehold quieted. The court did not err in sustaining the demurrer to the petition and, on appellant declining to plead further, in dismissing that petition. Its judgment is affirmed.