### James et al. v. Deskins.

### Same v. South Shelby Land Co.

May 23, 1939.

H. H. RAMEY for appellants.

STRATTON & STEPHENSON for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Reversing.

In October 1934, Maxie Deskins executed and delivered to B. M. James and H. H. Allen an oil and gas lease to a tract of 960 acres in Pike county. Among other things the lease provided:

> "Lessees agree to commence a well on said premises within fifty (50) days from the date hereof or thereafter pay the lessor at the rate of one dollar (1.00) per acre per annum payable each three (3) months in advance until said well is completed and oil or gas marketed therefrom or the lease surrendered."

The lessor instituted this action in equity against the lessees setting out the foregoing facts and alleging in her petition as amended that appellee had not drilled or made any preparations or taken any steps toward drilling and developing the property; that after the lease was executed and delivered to the lessees they refused to either pay rentals or surrender same and kept and retained the lease until September 21, 1935, at which time same was surrendered back to the representatives of the lessor but in the meantime four quarterly installments of $240 each had become due and payable, but had not been paid; and she prayed judgment for such sums.

By their answer to the petition as amended the lessees admitted the execution and delivery of the lease but denied the other material allegations of the petition. They further set up the quoted provisions of the lease and alleged that because no rental was paid at the time provided therein and no development made on the leased premises, the lease became and was null and void at the expiration of such time although the lease did not contain a forfeiture clause. They invoked and relied upon

582

Section 3766b-4, Kentucky Statutes, as rendering the lease void for the reasons indicated. They further alleged that two or three days before the expiration of the fifty day period when rentals would accrue if no development had been begun, they approached the agent and representative of the lessor and offered to return the lease; that they advised the agent that they were unable to pay the rentals and were unable to sell and dispose of the lease; that it was agreed and understood by the lessor and lessees that the lease was only taken in the names of the lessees for the purpose of aiding the lessor to lease her property and when they offered to return the lease to the lessor's agent or representatives she would not accept same but requested lessees to hold and try to dispose of same to some oil or gas company able to pay the rentals or develop the lease; and for that reason alone the lease was retained by them and they continually tried to dispose of it for the lessor but were unable to do so. They relied upon those facts and matters in estoppel and in bar of plaintiff's right of action or recovery. The court sustained a demurrer to the answer and the defendants declining to amend or further plead, judgment was entered for the lessor in accordance with the prayer of her petition and the lessees are appealing.

A lease practically identical in terms is involved in the appeal of B. M. James et al. v. South Shelby Land Company, and the same questions are presented for determination by this appeal. On motion of appellants in each of the cases the actions have been consolidated, heard together and will be disposed of in one opinion. It is contended by counsel for appellants as pleaded in their answer that under Section 3766b-4, Kentucky Statutes, their failure to begin development or to pay rentals within the time fixed by the lease, rendered same void and they are relieved of further liability thereunder. Clearly, such contention is untenable and the section referred to was not intended to and does not have the effect claimed by appellants. That statute was enacted for the benefit and protection of the lessors. To sustain the contention of appellants would be to permit them to take advantage of their own wrong by refusing to meet their contractual obligations. To interpret the statute so as to give it the effect claimed by appellants would render the contract wholly unilateral. The manifest purpose of the statute was to prevent lessees from

holding lands under a lease without developing or paying rentals as provided in the contract, and to afford relief by way of forfeiture to lessors upon failure of lessees to comply with lease contracts in those particulars.

While there are no cases interpreting the statute with respect to its effect as contended for by appellants there are cases which by strong analogy indicate that it is not susceptible of that construction. Kelley v. Hardwick et al., 228 Ky. 349, 14 S. W. (2d) 1098, 1099. The court had this to say with regard to the meaning and purpose of the statute:

"The provision that the failure to pay stipulated rentals on or before the day provided by the lease for that purpose shall work a forfeiture of such lease has a direct tendency to enforce the lease. This provision compels obedience to that part of the lease providing for rental payments on pain of forfeiture for failure to do so."

There is nothing in that or any case relating to that section of the statute indicating that a lessee may work a forfeiture by failing to meet his obligations as provided in the contract. Such would be contrary to the manifest purpose and spirit of the statutes.

The paragraph of appellants' answer attempting to set up the section of the statute pleaded as a shield against liability under their lease contract did not constitute a good defense and the demurrer thereto should have been sustained. However, when we come to the paragraph of the answer pleading estoppel, an entirely different situation is presented. It is pleaded in effect that before the expiration of the 50 days when rentals would become due upon failure to develop, appellants tendered and offered to surrender the lease to appellee's agent and representative but that she refused to accept the lease and requested appellants to hold it for the purpose of selling it for her, thereby waiving the requirement and provision as to payment of rentals by appellants. This if true, and which must be admitted on demurrer, constituted a good defense and the court erred in sustaining the demurrer thereto.

Wherefore the judgment in each case is reversed and cause remanded for proceedings consistent with this opinion.