# Oil Fork Development Company v. Huddleston, et al.

(Decided February 26, 1924.)

Appeal from Cumberland Circuit Court.

1. Constitutional Law—Statute Changing Obligation Impairs Contract—"Impair Obligation of Contract."—A statute impairs the obligation of a contract when by its terms it nullifies or materially changes existing contract obligations. .

2. Constitutional Law—Statute Extending Oil Leases Held to "Impair Obligation of Contracts."—Acts 1920, c. 24, sections ·2, 3, relating to oil and gas leases and extending same for a period of one year from completion of well, held invalid as impairing obligation of contracts if applied to leases existing before enactment of statute.

VIRGIL P. SMITH for appellant.

C. R. HICKS for appellees.

·Opinion of the Court by Judge Clay—Affirming.

On July 17, 1919, W. B. Huddleston and wife executed to the Oil Fork Development Company an oil and gas lease on a tract of land in Cumberland county, "for the term of two years (and so long thereafter as oil or gas is produced from the land leased and royalty and rentals paid therefor)." The lease provided that it was to become null and void and no longer binding on either party if a well was not completed on the premises within six months, unless the lessee should thereafter pay monthly to the lessor $35.42 per month for each month's delay in completing said well. There was a further provision that upon the signing and delivery of the lease, the lessor agreed to pay $212.50, being advance rental for six months. The lease concluded with the following provision: "Lessee to have privilege at end of term hereof of renewing this lease for two additional years on the same terms and conditions and payments."

The lessee entered upon the premises and drilled a well to the depth of 1,021 feet. On July 11, 1921, it removed the drill rig and machinery from the leased premises, but paid the monthly rental up to the 17th day of July, 1921.

Alleging that the well drilled was a dry hole, that the lessee never exercised its privilege of renewing the lease upon the expiration of the two years, and that the lease was no longer in force, the lessors brought this suit

to quiet their title. The answer presented the following defense: The well was first drilled to a depth of 440 feet and had a showing of oil. Afterwards it was drilled to a depth of about 700 feet, where another sand was found, but there was not as much oil as desired or expected. The well was then drilled to a depth of 1,021 feet, when there was found a sufficient amount of oil to enable the lessee to utilize and pump it to advantage in case other wells were drilled in which oil was found. All this was done at an expense of $13,000.00 or more. Rentals were paid up to the 17th day of July, 1921, but prior to that time the well was completed. It was further averred that by the law then in force the lease was extended for a period of one year from the completion of said well, and that the suit was brought prior to the expiration of that' time. A demurrer was sustained to the answer, and the lessee having declined to plead further, the lessors were granted the relief prayed for. The lessee has appealed.

Sections 2 and 3, c. 24, Acts 1920, are as follows:

"2. That all valid, existing or future contracts and leases for oil and gas rights upon and under the lands of this Commonwealth, wherein by their terms a rental clause is provided in event of failure to drill for oil or gas within a given period, are hereby validated and declared to be, and shall be, construed by the courts of this Commonwealth enforcible and binding contracts according to the terms thereof between the parties so long as the rentals therein provided shall be paid or tendered at and as provided by their terms during the period of said lease and contract.

"3. That the drilling of one nonproductive well shall be sufficient consideration for the discharge of rentals for holders of said contract and lease for a period of twelve months after its completion, and at the expiration of which time another well shall be commenced or rentals renewed as per said lease or contract, and if lessor fails to commence a well or renew payments of rentals said lease shall automatically expire and become null and void."

The answer proceeds on the theory that section 3 is controlling, and that the completion of the nonproductive well automatically extended the lease for a period of

twelve months without further payment of rentals.    The lease was executed prior to the enactment of the statute, and though the statute purports to apply to existing leases, the question is, is it valid when so applied?    Article 1, section 10, Federal Constitution, provides that no state shall pass any law impairing the obligation of contracts.    The obligation of a contract is impaired by a statute which alters its terms by imposing new conditions, or dispensing with conditions, or which adds new duties or rights, or releases or lessens any part of the contract obligation, or substantially defeats its end. Northern Pac. R. Co. v. Minnesota, 208 U. S. 583, 52 L. Ed. 630; Green v. Biddle, 8 Wheaton 1, 5 L. Ed. 547; Sturges v. Crowninshield, 4 Wheaton 122, 4 L. Ed. 529; McKuom v. Bisbee, 9 Cal. 137, 17 Am. Dec. 642; Adams v. Greene, 182 Ky. 504, 206 S. W. 759.    There was no statute of similar import in force when the lease was executed.    By its terms the lease expired at the end of two years unless oil was discovered and royalties were paid thereon, or the lessee exercised its privilege of renewal.    The statute not only lessens the lessee's obligation, but confers new rights and privileges wholly inconsistent with the contract, and very prejudicial to the lessors.    It follows that the statute is invalid as applied to the lease in question.    As the statute is not controlling, and the answer did not allege that the lease was renewed at the end of two years, or extended by the drilling of a producing well and the payment of royalties thereon, it results that the answer presented no defense and that the judgment was proper.

Judgment affirmed.