## Lykins et al. v. Oaks et al.

Feb. 18, 1941.

Shumate & Shumate and Harvey T. Lisle for appellants.

Beverly White and M. E. Strange for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

In November, 1934, D. M. Baker obtained an oil and gas lease on a tract of land in Estill County, known as the Lowery tract. There were a number of Lowery heirs, but only nine of them signed the lease. Among other things the lease provided that, if no well was commenced within two months from the date of the completion of the lease, it would terminate as to both parties unless a quarterly rental of $25 was paid for the privilege of deferring the commencement of a well, and that the drilling of a nonproductive well should be sufficient consideration for the discharge of rentals for a period of 12 months after such nonproductive well had been completed. Baker did not record his lease. Shortly after its obtention he sold interests in it to the appellees or their successors. These assignments were not recorded. During the latter part of 1936 a nonproductive well was completed. According to Baker's testimony the lease was abandoned, and some 15 months after the completion of the dry well (September 10, 1937) he made an assignment of his right, title and interest in the lease to the appellants, D. B. Lykins, J. A. Rose and Joseph T. Brown. No rentals were paid by Baker after the drilling of the nonproductive well. One of the appellants testified that one of the appellees told him about 3 months after the first productive well was drilled by the appellants that he had bought an interest in the D. M. Baker lease and that they had drilled a dry hole out there and had given it up. The original Baker lease and the assignment to the appellants were recorded late in October, 1938. The appellants testified that they had no knowledge that Baker had previously assigned interests in the lease. They entered upon the Lowery property and drilled several productive wells. In November, 1938, they obtained deeds of ratification from some 50 of the Lowery heirs, including the 9 who had signed the Baker lease,

Actions were filed by two groups of the appellees in June, 1939. They alleged that they were owners of undivided interests in the lease and were entitled to an accounting. One group made D. M. Baker a party, and sought the execution of a new deed to replace the original one which they said had been lost. The two cases were consolidated, and other pleadings were filed before the issues were completed. Proof was taken, and upon submission of the case it was adjudged that the appel-

lees were entitled to the relief prayed. The question of accounting was not passed upon. This case, therefore, concerns only the title to the lease.

Reversal is urged primarily upon the grounds that the original Baker lease had expired and was therefore null and void; and that the trial court erroneously adjudged the appellees greater interests than they had owned at any time. Being of the opinion that the first point is well grounded, it is unnecessary to discuss the second one.

While there is some confusion in the proof as to when the dry well was completed, we think the record warrants the conclusion that no rentals were paid for at least 15 months after the dry well was completed. This, as contended by the appellants, brings the case within the scope of Section 3766b-4b of the Statutes. This section provides:

"That the drilling of one nonproductive well shall be sufficient consideration for the discharge of rentals for holders of said contract and lease for a period of twelve months after its completion, and at the expiration of which time another well shall be commenced or rentals renewed as per said lease or contract, and if lessor [lessee] fails to commence a well or renew payments of rentals said lease shall automatically expire and become null and void."

Section 3766b-4 is also relied upon. This section provides:

"Whenever, in any lease of lands for oil and gas purposes, it is provided in substance that actual drilling or development may be postponed by the payment or tender of rentals on or before the date fixed in said lease for such payment or tender, if the lessee or assignee of said lessee shall fail to pay or tender said rents on or before the date stipulated in the lease, or contract to pay, then said lease or contract shall be void, unless the lessor thereafter, and before executing a new lease or contract, shall accept said rentals."

Both of these sections are part of Chapter 24, Acts 1920. The latter section is not applicable. It was held in the recent case of James v. Deskins, 278 Ky. 580, 129 S. W. (2d) 129, that the forfeiture provision in Section

3766b-4 is for the relief of the lessor. The former section appears not to have been expressly passed upon by this Court. It has been referred to in the cases of Hunt v. Garvin, 190 Ky. 472, 227 S. W. 811, and Oil Fork Development Co. v. Huddleston, 202 Ky. 261, 259 S. W. 334. Neither case is in point.

An examination of the sections just quoted will reveal that the former provides that the lease shall automatically expire and become null and void if a new well is not commenced within 12 months after the drilling of a nonproductive well or the rentals not renewed. There is no such provision in the latter section. It is our conclusion, therefore, that the Baker lease had automatically expired and was null and void when Baker assigned it to the appellants. This being the case, the interests of the appellees in the Baker lease had passed out of the picture. It becomes unnecessary, therefore, for us to discuss the effect of the deeds of ratification, because that question could address itself only to the Lowery heirs and the appellants. The same would be true as to the position occupied by the appellants prior to the time they secured the deeds of ratification. It is insisted by the appellees that the actions of the appellants indicated that they were attempting to operate under the Baker lease prior to the time the deeds of ratification were obtained, but the mere fact that they might have thought that they were operating under the assignment of the Baker lease would not breathe life into a null and void instrument which, according to the provisions of Section 3766b-4b of the Statutes, had automatically expired. When the original Baker lease died, so did the interests of the appellees. A void contract cannot be ratified. 12 Am. Jur. p. 507. Breckenridge's Heirs v. Ormsby, 24 Ky. 236, 1 J. J. Marsh. 236, 19 Am. Dec. 71; Crockett v. Althouse, 35 Mo. App. 404.

It follows, therefore, that it is our conclusion that the judgment should be and it is reversed with directions to set it aside and to enter a judgment in conformity with this opinion.