**Dr. Owen B. MURPHY, Appellant,**

**v.**

**LUMBERMENS MUTUAL CASUALTY CO. and the Lincoln National Life Insurance Co., Appellees.**

**LUMBERMENS MUTUAL CASUALTY CO., Appellant,**

**v.**

**Dr. Owen B. MURPHY, Appellee.**

Court of Appeals of Kentucky.

March 9, 1979.

Rehearing Denied May 4, 1979.

Phillip D. Scott, Greenebaum, Doll & Mc-Donald, Lexington, for Dr. Owen B. Murphy.

Ben L. Kessinger, Jr., Robert E. Reeves, Harbison, Kessinger, Lisle & Bush, Lexington, for Lumbermens Mut. Cas. Co.

Robert H. Measle, Fowler, Measle & Bell, Lexington, for Lincoln Nat. Life Ins. Co.

Before HOWARD, VANCE and WINTERSHEIMER, JJ.

HOWARD, Judge.

This is a case involving a suit by Dr. Owen B. Murphy against two insurance companies, and arising out of a group policy which insured the Fellows of the American College of Surgeons of which Dr. Murphy was a member. This action was to recover benefits as a result of Dr. Murphy's illness and disability.

The Lumbermens Mutual Casualty Company policy covered Dr. Murphy from November 15, 1970, until it was terminated on or about April 1, 1974. On the latter date, the Lincoln National Life Insurance Company issued a policy covering the American College of Surgeons. In the trial court, Dr. Murphy claimed that both of the companies afforded coverage to him or in the alternative, each of them were solely responsible.

The facts that gave rise to this lawsuit and which are demonstrated by the evidence and exhibits in the record show that on July 10, 1971, Dr. Owen B. Murphy suffered a heart attack diagnosed as a coronary occlusion with a myocardial infarction. The most disabling feature of his illness was arrhythmia, a condition where the heart does not beat with the proper rhythm.

In an effort to combat the arrhythmia, Dr. Murphy was given a drug called Pronestian which apparently controlled the arrhythmia for several years. Dr. Murphy was initially hospitalized for about six weeks and he was off work for about eight months.

In the spring of 1972, Dr. Murphy returned to work on a part-time basis, starting with a very limited office practice, seeing two to five patients a day and gradually building up to seeing ten to fifteen patients a day. However, he was never able to do any more surgery. He referred his surgical patients to other orthopedic surgeons who were in a Public Service Corporation with Dr. Murphy.

In October, 1973, presumably due to his inability to return to his former productivity by reason of being unable to perform surgery, Dr. Murphy severed his relationship with the Professional Service Corporation with which he had been associated and took some time off to assess his situation insofar as continuing his practice of medicine.

On or about April 16, 1974, Dr. Murphy suffered a severe attack of arrhythmia which required that he go into the hospital for approximately a week. It was determined that the Pronestian was not doing the job and therefore he was given Quinidine. It appeared from the record that the difficulty on April 16, 1974, was a recurrence of the arrhythmia that he had had after his heart attack in 1971 and was not a new or different heart attack. It appeared from the deposition of Dr. Murphy that the recurrence of the problem came about because of his resistance to the drug Pronestian after its prolonged use. It is conceded by all of the parties that Dr. Murphy was totally disabled from April 16, 1974.

In the trial court, all parties made motions for summary judgment. An Agreed Order was signed by all the parties upon submission of the case and it reads as follows:

The parties having submitted Briefs herein, and it having been stipulated and agreed that the Court shall find and render a judgment relative to:

1. Liability, if any, on plaintiff's complaint against Lumbermen's Mutual Casualty Company; and

2. Liability, if any, on the plaintiff's complaint against The Lincoln National Life Insurance Company; and

3. The amount of said liability, if any, it is hereby

ORDERED that the case shall stand submitted on this the _____ day of August, 1977.

(Signatures omitted)

Thereupon, the trial court made findings of fact and conclusions of law and found that Dr. Murphy was an orthopedic surgeon, actively engaged in his practice prior to July 10, 1971, when he suffered the heart attack referred to above. The trial court also found that after the heart attack the plaintiff was never able to return to active practice of his profession even though he was able to perform some of the duties of his profession. The trial court found, also, that the Lincoln National Life Insurance Company was entitled to a summary judgment because its policy did not take effect until April 1, 1974, long after Dr. Murphy had become disabled. We agree with the trial court's finding on this point and affirm the judgment on the appeal of Dr. Murphy from the judgment in favor of the Lincoln National Life Insurance Company. *Prudential Insurance Company of America v. Howard's Assignee*, 258 Ky. 366, 80 S.W.2d 21 (1935); *Aetna Life Insurance Company v. Gullett*, 253 Ky. 544, 69 S.W.2d 1068 (1934).

Lumbermens Mutual Casualty Company appeals from the judgment of the trial court which found that it was liable to Dr. Murphy for benefits pursuant to the provisions of its policy. The pertinent policy provision is as follows:

When, commencing while the Policy is in force as to the Insured, sickness wholly and continuously disables and prevents the Insured from performing all the duties of his profession, the Company will pay for the period the Insured shall be so disabled, not to exceed the following limits . . .

Successive periods of disability, due to the same or related causes, separated by return to active practice for six months or more shall be considered as a new period of disability.

Lumbermens Mutual Casualty Company raises these points on its appeal:

1) That the trial court erred in granting a summary judgment since it wanted to introduce additional evidence;

2) That the appellee was not entitled to summary judgment since he was not totally disabled under the above cited provisions; and

3) That the trial court erred in granting an excessive amount on the policy and too much interest.

As to the appellant's first contention, we refer to the Agreed Order set out previously in this opinion. It is apparent that at the time this case was submitted, the appellant was satisfied with the state of the record. It was only after the trial court had taken the case under submission and had decided the case adversely to the appellant that it raised this issue. While the record is sparse, we feel that it amply supported the court's findings, and in any event, any error in this regard was plainly waived by the appellant when it entered into the Agreed Order of submission.

We feel that the trial court correctly decided the issues of Dr. Murphy's disability. It is apparent that Dr. Murphy was a well-known and respected orthopedic surgeon in the City of Lexington, who had practiced his profession for many years, and that the heart attack he suffered in 1971 precluded him from actively engaging in his profession as an orthopedic surgeon inasmuch as he was never able to do surgery after this illness. The fact that Dr. Murphy saw a few patients in his office for a brief period of time in an attempt to get back to work, does not in our opinion militate against his claim that he was covered under this policy. It is clear that his attempt to return to practice was short-lived and that he was just unable to continue even a limited practice because of his heart condition.

Lumbermens Mutual Casualty Company had the coverage on this Surgeon's policy at the time of Dr. Murphy's heart attack, and it cannot be heard now to say that Dr. Murphy does not come within the disability provisions.

It is our opinion that the trial court was correct in finding that Dr. Murphy was totally disabled by reason of his heart attack and was covered by the disability coverage provided by the appellant. *Prudential Insurance Company of America v. Harris*, 254 Ky. 23, 70 S.W.2d 949 (1934). The trial court was also correct in finding that Dr. Murphy has been and continues to be totally disabled since suffering a heart attack during the period of disability coverage provided by the appellant. *Prudential Insurance Company v. Harris, supra.*

The appellant argues that the findings made by the trial court were not supported by the evidence. It claims that there was a conflict in the evidence and that this conflict precluded a judgment in favor of Dr. Murphy.

We have examined the record and do not find a dispute as to the evidentiary facts. There may be a dispute as to the legal conclusions to be drawn therefrom, but this does not preclude a summary judgment. *Holladay v. Peabody Coal Co.*, Ky., 560 S.W.2d 550 (1977).

The court's findings of fact should not be disturbed or modified if supported by probative evidence in the record. *Morrison v. Trailmobile Trailers, Inc.*, Ky., 526 S.W.2d 822 (1975).

The last argument of the appellant, Lumbermens Mutual Casualty Company, is that the court's calculations were in error. We have examined the record and find that the court's calculations were correct.

The judgment of the trial court in both cases is affirmed.

WINTERSHEIMER, J., concurs.

VANCE, J., concurs in the result.