**332**

Eunice ALLEN, Ervine Allen, Pauline Allen, Ralph Allen, Orville Clark, Fan Clark, Willie Clark, Jr., Chaddie Dingus, Edward Dingus, Oliver Elam, Delver Hall, Thelma Hall, Dennis Hall, Willa Mae Hall, John C. Hall, Kathryn Hall, Stella M. Hamilton, Bess M. Helton, Edith M. Hopkins, Genieva Howell, Betty Jean Martin, Bernis Martin, Cassie E. Martin, Ella Martin, Frank Martin, Jr., James Martin, Darlene Martin, Lillian Opal Martin, Oval Martin, Earl Martin, William Martin, Dorothy Martin, Billy Miller, Cecil Miller, Hugo Miller, Sally Miller, Josephine Miller, Anneth Newsom, Ben Newsome, Inis Roberts, Lee Roberts, Vernice Stamper and Sam Stamper, Appellants,

v.

Sherman MARTIN, Nelma Martin Hall, Norma Martin Bone and McClellan Martin, Appellees.

Court of Appeals of Kentucky.

Aug. 28, 1987.

Ronnie Merel Slone, W.W. Burchett Law Offices, Prestonsburg, for appellants.

Cordell H. Martin, Martin and Doyle, Hindman, for appellees.

Before COMBS, REYNOLDS and WEST, JJ.

WEST, Judge.

This is an appeal from a summary judgment holding that all the parties herein are co-tenants in certain tracts of land and in the underlying minerals.

The appeal arose from a complaint filed in Floyd Circuit Court alleging that appellees, as adopted heirs of H.D. Martin, who died in 1972, inherited some interest in the property and minerals originally owned by H.D. Martin. Appellants denied that appellees owned any interest and asserted that the "adoptions" were improperly conducted under the law in existence at the time they occurred.

The record reveals that the four appellees were the illegitimate children of H.D. Martin. In 1943, Mr. Martin and Monnie Hughes, appellees' mother, filed a petition stating that Mr. Martin was the father and desired to adopt said children "to enable them to inherit from him to the same extent as if said children had been born in lawful wedlock." The petition was entirely

proper under the statutes in effect at that time as it requested that the children be required to appear in court and consent in writing to the adoption. KRS 405.170 [331b–6] (1944) (repealed 1946).

On September 26, 1944, the court ruled that the four appellees were the lawful heirs of H.D. Martin and granted the adoption, stating that the requirements of the law had been satisfied. Although the appellees were adults at the time of these actions, none of them recall signing anything or appearing in court in conjunction with the adoption proceedings. Because of this alleged failure of written consent by the adopted persons, appellants maintain the judgment of adoption is invalid. We disagree.

Although subsection (2) of the former statute required written consent of a child fourteen years of age or older; subsection (5), regarding persons over the age of twenty-one, does not specifically require *written* consent. It is apparent to this court that the appellees knew or believed that they were legally adopted by their father in 1944 and that they obviously consented to this action as shown by their acceptance of the fact for the last forty-three years.

More importantly, we are most reluctant to allow a collateral attack on a judgment of adoption such as is being attempted by appellants herein. Since at least 1950, KRS 199.540 has fixed a limitation period of two years within which to attack a judgment of adoption for "irregularity in procedure." Even in the absence of such a statute, courts have been hesitant to upset an adoption decree rendered many years before where the ground for attack was lack of requisite consent or such other procedural irregularity. 2 Am Jur.2d, § 82.5, § 76, *Adoption* (1962).

Appellants, at best, carry a heavy burden. As stated previously, the judgment being attacked has been in effect for forty-three years, and there is a strong presumption that it is valid and binding. *Jones v. Sutton*, Ky., 255 S.W.2d 658 (1953). Our courts have been naturally hesitant to upset rights so long ago adjudicated. *Id.* at 659; *Bedinger v. Graybill's Executor & Trustee*, Ky., 302 S.W.2d 594 (1957). We remain so today.

Finally, we find no merit in appellants' claim that the judgment must be reversed for failure of the trial court to include a finding that "there is no genuine issue of material fact." CR 56.03. Although this is the standard or burden of persuasion on a party moving for summary judgment, the "court" is specifically not required to make findings under this rule. *Pence Mtg. Co. v. Stokes*, Ky.App., 559 S.W.2d 500 (1977). In *Poe v. Rice*, Ky. App., 706 S.W.2d 5 (1986), relied upon by appellants, we found that the lower court had erroneously attempted to substitute the summary judgment standard for the procedures relating to discovery sanctions. Such was not the case here. Indeed, the trial court refused to grant summary judgment until it had heard and considered all the evidence below. Accordingly, we AFFIRM the judgment which held that all the Martin heirs, appellants and appellees, are co-owners of the disputed parcels of property.

All concur.