COMMONWEALTH of Kentucky, Tourism Development Cabinet, Department of Parks; Mark A. Lovely; Department of Personnel and Personnel Board, Appellants,

v.

Phillip WHITWORTH, Individually and on Behalf of All Others Similarly Situated; Roy H. Allen; Daniel F. Billington; Mason G. Billington; Richard A. Blackman; Timothy Bryant; Benjamin Joseph Bunch; William Tracy Cassidy; Kenny Collins; Warfield Crowley; Boyd T. Curry; Larry W. Curry; William Lawrence Daring; Frank Douglas; Archie F. Embry; Jerry Garland; Paul T. Garvin; Aubrey Len Grace; Kenneth James Grider; James Howard Hogan; Joshua Hogan; Thomas L. Hilton; Joe Johnson; Phyllis Joyce; Teddy Dean Lawson; Bobby Little; William M. Logan; Jackie D. Mann; Donald E. Marksberry; Jeffrey Paul McIntosh; George W. McPherson; Paul A. McPherson; Kenneth Minor; Cecil R. Moore; Roger Darryl Murphy Danny Ray O'Dell; Brian L. Payne; Leo J. Payne; Egbert Wayne Riddle; Reggie C. Roberson; Charles E. Stubblefield; James Neal Stumbo; Fred Sullivan; James A. Tate; Roger S. Taul; Bobby Thomas; Anthony Lee Wakefield; Phillip Whitworth; Roger Woosley, Appellees.

No. 2000–SC–0895–DG.

Supreme Court of Kentucky.

May 16, 2002.

**10.** *Id.* at 49–50, 94 S.Ct. 1011 (footnote omitted).

Henry J. Curtis, Office of General Counsel, Frankfort, Counsel for Appellants.

Michael L. Judy, Paul C. Harnice, Johnson, Judy, True & Guarnieri, LLP, Frankfort, Counsel for Appellees.

WINTERSHEIMER, Justice.

This appeal is from an opinion of the Court of Appeals affirming in part, reversing in part and remanding an opinion and order of the Franklin Circuit Court which granted summary judgment to the Department of Parks on the breach of contract claims brought by some of its contract employees.

The Department of Parks argues that the persons involved were at all times at-will or temporary employees; that the employees are precluded from prosecuting this action because of the election of remedies doctrine; that the case must be dismissed because of sovereign immunity and that the Court of Appeals abused its discretion when it reversed the circuit court order. The employees respond that the Court of Appeals was correct when it reversed the summary judgment of the circuit court in favor of the Department of Parks on sovereign immunity because it was premature, and they contend that the other arguments of the Department of Parks are not at issue in this appeal.

This class action lawsuit was filed in circuit court against the Department of Parks by employees hired by oral contract as temporary maintenance and construction workers pursuant to KRS 56.491(5) and KRS 148.026. The employees were hired over a period of years and worked as electricians, plumbers and carpenters, etc. They allege that they were orally promised eleven months of work per year. A dispute arose when the Department began requiring the employees to sign a certification as to a condition of further state service. This document required the employees to acknowledge their status as "P–9" or temporary, nonmerit state employees who were only allowed nine months of work per year. The Department undertook this policy after being informed by the Kentucky Retirement System that temporary P–9 employees who worked in excess of nine months per year were eligible for coverage in the retirement system. The Department began suspending the employment of the employees when they refused to sign the certification or when they completed nine months of employment.

The legal action began in 1993 when the employees filed an appeal to the Kentucky Personnel Board, contending that they were full-time state employees, qualified for Kentucky Retirement benefits. The Board rejected that appeal for lack of subject matter jurisdiction. That dismissal was then appealed to the circuit court in 1994 and was filed along with the class action presently before this Court. The 1994 appeal was remanded to the Board for consideration of whether the class plaintiffs were, by virtue of their hiring under KRS 56.491(5) and KRS 148.026, infringing upon the principles of the merit system. On remand, the Board, following a six-day evidentiary hearing, once again denied the appeals. An appeal from that decision filed by the same employees and raising the same issues is currently pending in Franklin Circuit Court, presumably awaiting the outcome of this case.

Thereafter, the circuit court granted the class action certification. After the employees filed an amended class action complaint and filed a motion for partial summary judgment, the Department responded by filing a motion for summary judgment. The circuit judge entered a summary judgment in favor of the Department finding that a suit on oral contracts was barred by sovereign immunity. As to the employees' claim that the oral contracts may have been ratified by the Department on the basis of internal written documents in their personnel files, the circuit court found that an oral contract with the Commonwealth is void and not capable of being ratified by any subsequent writing which may appear in a personnel file. The employees offered no evidence as to the actual existence of such documents.

The Court of Appeals held that although sovereign immunity barred suit on an oral contract, the oral contracts were not void and a genuine issue of material fact existed as to whether the oral contracts were ratified in some way by written documents. This Court accepted discretionary review.

## I. Summary Judgment

The standard for summary judgment is abundantly clear in Kentucky. A movant must show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. CR 56.03. The record must be viewed in a light most favorable to the party opposing the motion for a summary judgment and all doubts must be resolved in favor of that party. Summary judgment should be used only when, as a matter of law, it appears it would be impossible for the respondent to produce evidence at trial warranting a judgment in favor of the respondent and against the movant.

See *Paintsville Hospital Co. v. Rose*, Ky., 683 S.W.2d 255 (1985).

The proper function of summary judgment is to terminate litigation when it appears that it would be impossible for the respondent to produce evidence at trial warranting judgment in the respondents' favor. It is proper where the movant shows that the adverse party cannot prevail under any circumstances. *James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Ins. Co.*, Ky., 814 S.W.2d 273 (1991).

The mere fact that legal conclusions may be drawn from undisputed evidentiary facts in controversy does not prevent summary judgment. *Murphy v. Lumbermens Mutual Casualty Co.*, Ky.App., 580 S.W.2d 502 (1979). When any claim has no substance, or controlling facts are not in dispute, a summary judgment can be proper. *Brown, supra.*

In *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476 (1991), this Court reaffirmed the standards set out in *Paintsville Hospital, supra*, that summary judgments are to be cautiously applied and should not be used as a substitute for trial. Under the rule and cases noted, a movant must convince the circuit court that based on the evidence in the record there is no material fact at issue. The movant will not succeed unless the right to summary judgment is shown with such clarity that there is no room left for controversy.

Only when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in its favor, should a motion for summary judgment be granted. A party opposing a properly documented summary judgment cannot defeat it without presenting at least some affirmative evidence demonstrating that there is a material issue of fact. *See Perry v. Motorists Mutual Ins. Co.*, Ky., 860

S.W.2d 762 (1993); *West American Ins. Co. v. Dickerson,* Ky., 865 S.W.2d 320 (1993); *Hubble v. Johnson,* Ky., 841 S.W.2d 169 (1992); *Brown, supra; Steelvest, supra.*

## II. Circuit Court Decision

The circuit court correctly determined that even if the employees could establish that they had oral contracts with the state which allowed them to work longer than nine months, they were precluded by sovereign immunity from suing on an oral contract. KRS 45A.245(1) waives sovereign immunity for a lawfully authorized written contract. As recognized by *Withers v. University of Kentucky,* Ky., 939 S.W.2d 340 (1997), the state cannot be sued except upon a specific and explicit waiver of sovereign immunity. Thus, the circuit judge correctly determined that the public policy of the Commonwealth bars claims on oral contracts. The employees in this action were unable to show any specific and explicit waiver of sovereign immunity as required by *Withers, supra.* Such a waiver cannot be implied from KRS 148.026. That statute provides that the Commissioner of Parks may employ or contract with such persons, firms or corporations as he deems necessary or desirable to accomplish the duties and functions assigned by law to the Department of Parks. There is no express language waiving sovereign immunity for the contracts alleged in this matter.

Nor can a waiver be implied from KRS 56.491(5). It provides that a capital construction project not exceeding the statutorily designated amount may be performed by employees of the requesting agency or by individuals hired specifically for the project who shall be exempt from the requirements of KRS Chapter 18A, if the project is approved and authorized by the Cabinet. Chapter 18A is the comprehensive statute which deals with state personnel.

The Court of Appeals was in error when it reversed and remanded this case to the circuit court to allow employees to introduce internal documents as proof of the ratification of the oral contracts for temporary employment. Even if such documents exist, they cannot be construed as constituting a written employment contract because the Commissioner of Parks has no authority to hire employees in violation of the terms of KRS 148.026 and KRS 56.491(5). Although the General Assembly has authorized the Commissioner of Parks to hire temporary employees for construction projects, it did not authorize the Commissioner to convert them into merit system employees and he had no statutory authority to do so. None of the employees in this case participated in the competitive hiring procedures mandatory for merit system employees and their wages are not subject to the constraints of the state classification and compensation system governing merit employees. All compensation comes from the specific project budgets.

The employees were on notice that under KRS 148.026, project officers are not authorized to promise or guarantee work for any specific period except to complete a project. As noted in *Clark County Constr. Co. v. State Highway Com'n,* 248 Ky. 158, 58 S.W.2d 388 (1933), ". . . anyone who deals or contracts with public officials or with public bodies must at his own peril take notice of their authority since they can only act within the limits of express or necessarily implied powers conferred upon them by law." Again, as stated in *Calvert v. Allen County Fiscal Court,* 252 Ky. 450, 67 S.W.2d 701 (1934), "It is equally well established that one dealing with public officials, boards, or commissions must take notice of their authority to act and the law charges him with the knowledge of any

and all limitations upon such power." *See also All–American Movers, Inc. v. Commonwealth ex rel Hancock,* Ky.App., 552 S.W.2d 679 (1977). *Accord Louisville Civil Service Bd. v. Blair,* Ky., 711 S.W.2d 181 (1986).

■ Suit cannot be instituted against the Commonwealth on a claim unless sovereign immunity has been specifically waived, as it has been on a lawfully authorized written contract. *All–American Movers, supra.* KRS 45A.245(1) provides that any person having a lawfully authorized written contract with the Commonwealth may bring an action against the Commonwealth on the contract . . . .

As noted by this Court in *Foley Constr. Co. v. Ward,* Ky., 375 S.W.2d 392 (1963), cases which have permitted the state to be sued on a contract . . . without express legislative consent, are unsound. The U.S. Supreme Court has held that state employees are limited in their property rights to employment by the constraints of the state legislature which created those rights. *See Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

■ We recognize that the concept of sovereign immunity does not provide that all oral contracts with the Commonwealth are void *per se,* but simply indicates that a lawsuit cannot be brought against the Commonwealth to enforce oral contracts. That conclusion does not open the door to a challenge to the decision of the circuit court under summary judgment principles.

■ The employees take issue with the word "void" as used by the circuit court. The word "void" has a number of definitions but one of them includes the statement that it is useless and ineffective or lacking in legal force or validity. *See Webster's New Riverside Dictionary* 1293 (2nd Ed.1998). *Lykins v. Oaks,* 286 Ky. 332, 150 S.W.2d 231 (1941), citing a number of older cases and legal authorities, states that a void contract cannot be ratified. *Black's Law Dictionary* 1568 (7th Ed.1999) defines void as being of no legal effect; null, and further states that a contract is void *ab initio* if it seriously offends law or public policy, in contrast to a contract that is merely voidable at the election of one party to the contract. Here, we find that sovereign immunity prohibits absolutely the making of a claim against the state without an express waiver. Legally enforceable contracts with the state are to be in writing.

■ The fact that the circuit judge used the word "void" to describe his judicial reasoning is not reversible error. It may have been a poor choice of language, but it does express a reasonable basis for his rationale in support of the sovereign immunity analysis. Certainly, the concept of sovereign immunity prevents the enforcement of the oral contract in question. Thus, we believe it was correct for the circuit court to determine in effect that the oral agreement sought to be used in this case was unenforceable from the beginning.

III. Summary Judgment Application

■ We recognize that simply because a case may be disposed of on a writing such as a contract does not always mean that it is appropriate for summary judgment particularly if the matters of parol evidence necessary to place the document in its context are genuinely in issue. *See Conrad Chevrolet, Inc. v. Rood,* Ky., 862 S.W.2d 312 (1993). This matter is disposed of on the basis of sovereign immunity thus any parol evidence that might be discovered is of no value. It should be remembered that the circuit court is not required to make findings of fact and conclusions of law that would be otherwise required by CR 52.01 when entering a

summary judgment because the rule specifically provides that they are not necessary. *See Allen v. Martin*, Ky.App., 735 S.W.2d 332 (1987). Here, the circuit judge did give legal reasons for the decision.

■ As noted in *Old Mason's Home of Kentucky, Inc. v. Mitchell*, Ky.App., 892 S.W.2d 304 (1995), summary judgment is proper when it is manifest that the opposing party cannot strengthen the case at trial and the moving party would be entitled ultimately to a directed verdict. *See also Palmer v. Int'l Ass'n. of Machinists & Aerospace Workers, AFL–CIO*, Ky., 882 S.W.2d 117 (1994). That is the situation here. We find it unnecessary to address any of the other arguments raised by the parties.

The decision of the Court of Appeals is reversed and the summary judgment in favor of the Department of Parks granted by the circuit court is reinstated.

LAMBERT, C.J., COOPER, GRAVES and JOHNSTONE, JJ., concur.

KELLER, J., dissents by separate opinion in which STUMBO, J., joins.

KELLER, Justice, dissenting.

I respectfully dissent from the majority opinion because I agree with the Court of Appeals that the trial court granted summary judgment prematurely before Appellees had an opportunity, through pre-trial discovery, to produce evidence that their breach of contract claims were brought under "lawfully authorized written contract[s] with the Commonwealth."[1] Although I agree with the majority that the Commonwealth would be entitled to summary judgment unless Appellees can demonstrate that they were employed under lawfully authorized written contracts, I be-

lieve the record before us leaves that question unanswered.

The issue at the center of this controversy concerns the nature of Appellee's employment with the Department of Parks ("the Department"). Appellees claim that, while they were initially hired pursuant to oral contracts with the Department, their employment contacts were subsequently ratified by "contracts, written agreements, or other documents that memorialize and ratify the initial oral agreements," and that are contained in Appellees' personnel files maintained by the Department. The majority concludes that—because Appellees were initially hired under oral agreements—further discovery would not affect summary judgment because any written agreement purporting to contract with Appellees would exceed the Commissioner's statutory authority and thus would not be "lawfully authorized." I find the majority's reasoning flawed.

KRS 148.026 permits the Commissioner to enter into any employment contracts he or she "deem[s] necessary or desirable," and allows the Commissioner to "fix the compensation and the terms of employment . . . of those contracted with":

The commissioner of parks may employ or contract with such other persons, firms or corporations as he may deem necessary or desirable to accomplish the duties and functions assigned by law to the Department of Parks; may fix the compensation and the terms of employment or contract of those employed or contracted with; and may assign to them such duties and responsibilities as he may determine; provided, however, that any contract shall be approved by the Finance and Administration Cabinet before it shall become effective. Individuals employed by the commissioner

---

1. KRS 45A.245(1).

of parks on a temporary basis for specific construction projects under KRS 56.491(5) or for maintenance projects shall be exempt from the requirements of KRS 18A.005 to 18A.200.[2]

Accordingly, if Appellants—pursuant to the Commissioner's general employment and contracting authority—hired Appellees under oral contacts that were later approved in writing by the Finance and Administration Cabinet, Appellees may be entitled to prevail on their claims.

In my view, today's majority "puts the cart before the horse" by reaching a factual determination as to the nature of Appellee's employment and then concluding that a contract saying anything different would have been unauthorized. *The* contested issue of fact in this case concerns the nature of Appellee's employment, and I believe it is inappropriate to decide that issue without considering the possibility that a written employment contract may exist that resolves the question. Although the majority believes that KRS 56.491(5)[3] is somehow implicated, I disagree and would characterize that issue as a red herring. Appellees do not claim that they were hired "specifically for [a] project" and later converted into merit system employees. Instead, Appellees' claim is fairly straightforward—they were hired under contracts and that the Department breached those contracts. While Appellant

claims that summary judgment was proper because Appellees were project employees, Appellees dispute that claim and ask for the opportunity to produce written contracts containing the terms of their employment. This factual dispute, standing alone, precludes summary judgment.

Although I reach a different result from the majority, I agree with several statements of law set forth in the majority opinion. I agree that the doctrine of sovereign immunity does not make all oral contracts with the Commonwealth of Kentucky void per se.[4] I also agree, however, that sovereign immunity precludes claims against the Commonwealth unless the General Assembly has waived that immunity and, because no such waiver exists for them, oral contracts are not enforceable against the Commonwealth. However, I do not agree with the conclusion—apparently reached by the majority—that an oral contract cannot be enforced against the Commonwealth even if it is subsequently ratified in writing. KRS 148.026 provides otherwise. If Appellees uncover written approval of their employment contracts during the discovery process, sovereign immunity will not prohibit their claims against the Commonwealth because, under such circumstances, the General Assembly has waived sovereign immunity.[5]

By entering summary judgment in this case before Appellees had an opportunity

---

**2.** KRS 148.026.

**3.** KRS 56.491(5):

> A capital construction project, the total cost of completion of which the Finance and Administration Cabinet determines will not exceed two hundred thousand dollars ($200,000), may be performed by the employees of the requesting agency or by individuals hired specifically for the project who shall be exempt from the requirements of KRS Chapter 18A, if the project is approved and authorized by the cabinet. Necessary materials and supplies shall be procured in accordance with the standard

purchasing procedures and policies of the cabinet as defined in KRS Chapter 45A.

**4.** A "void contact" is defined as "[a] contract that is of no legal effect, so that there is really no contract in existence at all," and "[l]oosely, a voidable contract." BLACK'S LAW DICTIONARY 326 (7th ed.1999). Accordingly, like all contracts under KRS 148.026, an initial oral contract will have no legal effect until authorized in writing by the Finance and Administration Cabinet. Following such approval, however, it is an enforceable contract.

**5.** KRS 45A.245:

to discover whether written contracts of employment exist, the trial court may have decided the ultimate issue in this case without considering direct evidence as to the nature of the employment relationship. The majority states that "[t]he employees offered no evidence as the actual existence of such documents."[6] While this observation is correct, I believe it is a mistake to cast aspersions upon the sufficiency of Appellees' evidence without considering the fact that their efforts to obtain evidence were stymied by limitations on pretrial discovery. The Court of Appeals reversed the trial court's summary judgment because the trial court denied Appellees the opportunity to seek such evidence, and I believe this Court should affirm that decision.

Thus, I would affirm the decision of the Court of Appeals in its entirety, and I would remand this matter to the Franklin Circuit Court with instructions for it to reconsider summary judgment after permitting Appellees an opportunity to seek evidence of written employment contracts through discovery. If Appellees fail to discover such evidence, then and only then would summary judgment dismissing their claims be appropriate.

STUMBO, J., joins this dissenting opinion.

(1) Any person, firm or corporation, having a lawfully authorized written contract with the Commonwealth at the time of or after June 21, 1974, may bring an action against the Commonwealth on the contract, including but not limited to actions either for breach of contracts or for enforcement of contracts or for both. Any such action shall be brought in the Franklin Circuit Court and shall be tried by the court sitting without a jury. All defenses in law or equity, except the defense of governmental immunity, shall be preserved to the Commonwealth.

(2) If damages awarded on any contract claim under this section exceed the original amount of the contract, such excess shall be limited to an amount which is equal to the amount of the original contract.

6. Majority Opinion at 74 S.W.3d 695, 698 (2002).