RENDERED: JULY 9, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0037-MR

DUSTIN C. BEARD                                                              APPELLANT


v.               APPEAL FROM FRANKLIN CIRCUIT COURT
                 HONORABLE THOMAS D. WINGATE, JUDGE
                 ACTION NO. 19-CI-00498


CABINET FOR HEALTH AND
FAMILY SERVICES                                                              APPELLEE


OPINION
AFFIRMING IN PART, VACATING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, JONES, AND TAYLOR, JUDGES.

JONES, JUDGE:  Dustin C. Beard appeals an order of the Franklin Circuit Court

which granted the Cabinet for Health and Family Services' (the Cabinet's) motion

to dismiss his suit seeking enforcement of a contract.  We affirm in part, vacate in

part, and remand for further proceedings.

# I.    BACKGROUND

The parties disagree regarding virtually all of the underlying facts in this case. Beard is an attorney working out of a private firm in Lexington. According to Beard, he was contacted by Tabitha Schnell, an employee working for the Cabinet. The Cabinet was allegedly involved in a guardian and conservator action in Scott County in which an individual, L.C.K., was being exploited by her children. [1] In Beard's account, Schnell approached him and asked if he would petition the court for appointment as L.C.K.'s guardian and conservator. She allegedly requested Beard's services because the Cabinet is ill-equipped to serve as a guardian to a person with significant assets, particularly stocks and bonds. According to Beard, he was informed, presumably by Schnell, to keep a record of his hours worked on the case, and the Cabinet would compensate him for his time at the conclusion of his representation. There is nothing in the record which memorializes the alleged agreement between Beard and Schnell or any other member of the Cabinet; although, Beard alleged the existence of a valid contract in his complaint.

---

[1] Although not specified in the record or the briefs, it appears the L.C.K. action was initiated under the provisions for conservatorship of a disabled person, pursuant to Kentucky Revised Statutes (KRS) 387.500, *et seq*. The underlying issues in the L.C.K. action are not part of the record.

According to Beard, he worked on the L.C.K. case from September 12, 2017, to July 18, 2018. However, when he submitted a detailed invoice for his services in the amount of $39,315.00 to the Cabinet, the Cabinet declined payment on the invoice. After some negotiation with the Cabinet attorneys, Beard filed a suit to enforce his contract in Scott Circuit Court. The matter was then transferred to Franklin Circuit Court pursuant to the requirements of KRS 45A.245(1). Beard attached emails to his pleadings documenting his communication with Cabinet attorneys Johann Herklotz and Marion Hogan. Those emails show that Beard was working on an unspecified case with Herklotz and Hogan, and they also document a dispute relating to his fee. Beard also attached his detailed invoice, showing the time he invested in the L.C.K. case. Finally, Beard attached an affidavit from Cameron Culbertson, Assistant Scott County Attorney, in which Culbertson attested as follows:

> It was my understanding that Dustin C. Beard was representing the Cabinet for Health and Family Services in [the L.C.K. case], and that he filed the Guardianship case at the request of the Cabinet for Health and Family Services. . . . Dustin C. Beard filed pleadings and represented the Cabinet for Health and Family Services in all respects of the case from September 12, 2017 through July 18, 2018.

(Record (R.) at 119.)

The Cabinet moved to dismiss Beard's suit on grounds that Beard did not show he had a lawfully authorized written contract with the Cabinet, and

-3-

sovereign immunity barred suit in such cases. Following receipt of the parties'

briefs on the issue, the Franklin Circuit Court agreed with the Cabinet and entered

its order granting the motion to dismiss. This appeal followed.

## II.  ANALYSIS

The trial court granted the Cabinet's motion to dismiss under CR[2]

12.02. As an appellate court, we apply the following standard of review in such

cases:

> A motion to dismiss for failure to state a claim upon
> which relief may be granted admits as true the material
> facts of the complaint. So a court should not grant such a
> motion unless it appears the pleading party would not be
> entitled to relief under any set of facts which could be
> proved. . . .  Stated another way, the court must ask if the
> facts alleged in the complaint can be proved, would the
> plaintiff be entitled to relief?  Since a motion to dismiss
> for failure to state a claim upon which relief may be
> granted is a pure question of law, a reviewing court owes
> no deference to a trial court's determination; instead, an
> appellate court reviews the issue de novo.

*Skeens v. University of Louisville*, 565 S.W.3d 159, 160 (Ky. App. 2018) (quoting

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (internal quotation marks and

citations omitted)).

Beard presents three arguments on appeal. First, he argues the circuit

court erroneously found the Cabinet did not hire him in the L.C.K. guardianship

---

[2]  Kentucky Rules of Civil Procedure.

proceedings. Second, Beard argues the circuit court erroneously found the Cabinet did not waive sovereign immunity regarding his attorney-client agreement with the Cabinet. Third, and finally, Beard argues the circuit court erroneously found his claim was barred by sovereign immunity when the Cabinet's employees informed him a writing would be performed at the conclusion of his representation. For its part, the Cabinet asserts Beard has not produced a written contract between itself and Beard and cites *Commonwealth v. Whitworth*, 74 S.W.3d 695 (Ky. 2002), for the proposition that "[l]egally enforceable contracts with the state are to be in writing." *Id.* at 700. The circuit court relied upon this same point in its order dismissing Beard's action against the Cabinet.

We agree with the circuit court that, as a matter of sovereign immunity, suits against the Commonwealth or its agencies to enforce a contract require a written contract. Sovereign immunity is "an inherent attribute of the state" which provides it with "[a]bsolute immunity from suit." *Comair, Inc. v. Lexington-Fayette Urban County Airport Corp.*, 295 S.W.3d 91, 94 (Ky. 2009) (citations omitted). "[P]ure sovereign immunity, for the state itself, has long been the rule in Kentucky. . . . Sovereign immunity can only be waived by the General Assembly." *Ruplinger v. Louisville/Jefferson County Metro Government*, 607 S.W.3d 583, 585 (Ky. 2020) (citations and internal quotation marks omitted). Governmental immunity, derived from sovereign immunity, likewise prevents suit

-5-

against a government agency. *Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001). Like sovereign immunity, governmental immunity can only be waived by an explicit act of the General Assembly. *University of Louisville v. Rothstein*, 532 S.W.3d 644, 647 (Ky. 2017). "It is undisputed that the Cabinet is a state agency entitled to the protection of governmental immunity." *Cabinet for Health and Family Services v. Todd County Standard, Inc.*, 488 S.W.3d 1, 9-10 (Ky. App. 2015) (citing *Stratton v. Commonwealth*, 182 S.W.3d 516 (Ky. 2006)).

Beard's suit against the Cabinet is predicated upon enforcement of a contract. The governmental immunity afforded to the Cabinet in contract matters has been waived by the General Assembly in KRS 45A.245(1), which reads in pertinent part as follows: "Any person, firm or corporation, having a lawfully authorized written contract with the Commonwealth . . . may bring an action against the Commonwealth on the contract, including but not limited to actions either for breach of contracts or for enforcement of contracts or for both." A plain reading of the statute indicates that the legislative waiver of sovereign immunity in contractual matters *only* applies to written contracts. This was the basis for our Supreme Court's declaration in *Commonwealth v. Whitworth*, that "a lawsuit cannot be brought against the Commonwealth to enforce oral contracts." *Whitworth*, 74 S.W.3d at 700. The circuit court correctly determined anyone

-6-

bringing suit against the Commonwealth for enforcement of a contract must have a written contract, and we affirm that part of the circuit court's order.

However, the record presented to us, as well as to the circuit court, is underdeveloped in this case. Beard strenuously argues several Cabinet employees knew he was working on the L.C.K. matter for the Cabinet, and he asserts the Cabinet now incorrectly denies he was working on its behalf. Based on the record before us, it appears the circuit court did not have the advantage of being able to consider the record in the underlying L.C.K. action in order to consider the scope of Beard's representation. Furthermore, Beard claims there are documents in the Cabinet's possession which, taken together, will show all the elements of a written contract between himself and the Cabinet were present while he performed services on the L.C.K. matter. Beard asserts the Cabinet blocked him from conducting adequate discovery which would prove the existence of this written contract.

Wide-ranging discovery is not appropriate against a party claiming immunity. "Immunity from suit includes protection against the 'cost of trial' and the 'burdens of broad-reaching discovery' that 'are peculiarly disruptive of effective government.'" *Lexington-Fayette Urban County Government v. Smolcic*, 142 S.W.3d 128, 135 (Ky. 2004) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396, 409-10 (1982)). The Kentucky

Supreme Court has held that "broad-reaching discovery" was not appropriate "prior to an immunity determination" by the trial court. *Presbyterian Church (U.S.A.) v. Edwards*, 566 S.W.3d 175, 179 (Ky. 2018). Notably, however, the Supreme Court also held "limited discovery [which] the trial court may deem necessary" on the question of immunity was appropriate. *Id*. at 181.

Here, it appears the circuit court granted the Cabinet's motion to dismiss before Beard could conduct limited discovery relevant to the threshold immunity issue. In doing so, the circuit court took the Cabinet's representations at face value and found no contract existed in this case. However, if Beard is correct, and the Cabinet has documents in its possession which amount to a written contract between Beard and the Cabinet in the underlying case, this could effectively waive the Cabinet's immunity under KRS 45A.245(1). Furthermore, the circuit court should review the record in the underlying L.C.K. case in order to determine the scope of Beard's representation in that action.

## III. CONCLUSION

For the foregoing reasons, we affirm that portion of the Franklin Circuit Court's order which found a written contract was necessary to enforce a suit against the Cabinet in a contract matter. We vacate the order of dismissal and remand to the circuit court with instructions (1) to review the record in the underlying L.C.K. action, in order to ascertain the scope of Beard's representation;

and (2) to allow limited discovery sufficient to discover whether a written contract exists between Beard and the Cabinet before determining immunity should apply in this case. After this additional discovery, the circuit court shall determine whether a valid written agreement existed between the parties or whether the Cabinet's motion should be granted on the basis that no written agreement existed between the parties.

ALL CONCUR.

| BRIEF AND ORAL ARGUMENT FOR APPELLANT: | BRIEF AND ORAL ARGUMENT FOR APPELLEE: |
|---|---|
| D. Lyle McQuinn<br>Lexington, Kentucky | Carmen M. Ross<br>Frankfort, Kentucky |