RENDERED:  MAY 6, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0293-MR


BOYD COUNTY SHERIFF'S OFFICE                              APPELLANT


APPEAL FROM BOYD CIRCUIT COURT
v.        HONORABLE JOHN DAVID PRESTON, SPECIAL JUDGE
ACTION NO. 20-CI-00378


JAMES JOHNSON                                              APPELLEE


OPINION
REVERSING

** ** ** ** **

BEFORE:  CETRULO, DIXON, AND LAMBERT, JUDGES.

DIXON, JUDGE:  Boyd County Sheriff's Office (hereinafter "BCSO") appeals the order denying its motion to dismiss James Johnson's claim for unjust enrichment entered by the Boyd Circuit Court on February 20, 2021.  BCSO contends it was entitled to sovereign immunity for this claim.  Following a careful review of the briefs, the record, and the law, we reverse.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

James Johnson is employed by BCSO and alleges he and other employees were required, or were permitted, to work in excess of their regular hours, entitling them to overtime compensation. To avoid paying the higher overtime rate, BCSO offered the employees an hour-for-hour of compensation time for each overtime hour.

While a one-for-one exchange of overtime for compensation hours is permitted under KRS[1] 337.285(4),[2] it must be at the written request of the employee, "made freely and without coercion, pressure, or suggestion by the employer, and upon a written agreement reached between the employer and the . . . employee . . . before the performance of the work." *Id.* Here, Johnson neither requested nor agreed to this arrangement. Moreover, Johnson contends BCSO pressured him to accept its proposal after having worked the additional hours.

Consequently, Johnson sued BCSO[3] on his behalf, as well as other similarly situated employees. Among Johnson's claims was one of unjust enrichment since he worked additional hours but was never paid the higher

---

[1] Kentucky Revised Statutes.

[2] A "county . . . employee . . . who is authorized to work one (1) or more hours in excess of the prescribed hours per week may be granted compensatory leave on an hour-for-hour basis."

[3] Johnson also sued the County of Boyd, Kentucky, and the Boyd County Fiscal Court. Since neither of those entities is a party to this appeal, we need not address them further.

overtime rate.[4]  BCSO moved the trial court to dismiss the claim alleging it was entitled to sovereign immunity.  The trial court found BCSO had no sovereign immunity against the unjust enrichment claim and denied the motion to dismiss.[5]  This appeal followed.

## STANDARD OF REVIEW

This appeal is properly before us because an order denying a claim of immunity is immediately appealable.  *Harrod v. Caney*, 547 S.W.3d 536, 540 (Ky. App. 2018); *Breathitt Cty. Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009); *Mattingly v. Mitchell*, 425 S.W.3d 85, 89 (Ky. App. 2013).  Entitlement to immunity is a question of law.  *See Univ. of Louisville v. Rothstein*, 532 S.W.3d 644, 647 (Ky. 2017); *Rowan Cty. v. Sloas*, 201 S.W.3d 469, 475 (Ky. 2006) (citing *Jefferson Cty. Fiscal Ct. v. Peerce*, 132 S.W.3d 824, 825 (Ky. 2004)).  Questions of law are reviewed *de novo*.  *Rothstein*, 532 S.W.3d at 647 (citing *Cumberland Valley Contractors, Inc. v. Bell Cty. Coal Corp.*, 238 S.W.3d 644, 647 (Ky. 2007)).

---

[4]  Both Johnson's original and amended complaints contained six counts.  The other five counts were for claimed violations of Kentucky's wage and hour statutes, KRS 337.010 *et seq*.

[5]  In the same order, the trial court dismissed Johnson's claims under KRS 337.055 and KRS 337.060, but made no specific mention about his claims under KRS 337.020, KRS 337.285, or KRS 337.385.  Even so, the content of the order indicates BCSO had no immunity for these claims and did not dismiss them.

## ANALYSIS

On appeal, BCSO argues the trial court erred by determining BCSO is not entitled to sovereign immunity for Johnson's unjust enrichment claim. This is the sole issue before us as "the scope of appellate review of an interlocutory appeal of the trial court's determination of the application of . . . immunity is limited to the specific issue of whether the immunity was properly denied and nothing more." *Baker v. Fields*, 543 S.W.3d 575, 578 (Ky. 2018).

Sovereign immunity is broad, protecting the state not only from the imposition of money damages but also from the burden of defending a lawsuit. *Meinhart v. Louisville Metro Gov't*, 627 S.W.3d 824, 830 (Ky. 2021); *Lexington-Fayette Urban Cty. Gov't v. Smolcic*, 142 S.W.3d 128, 135 (Ky. 2004) ("Immunity from suit includes protection against the 'cost[s] of trial' and the 'burdens of broad-reaching discovery' that 'are peculiarly disruptive of effective government.'") (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396, 409-10 (1982)). The doctrine of sovereign immunity also covers departments, boards, and agencies that are integral parts of state government. *See Bryant v. Louisville Metro Housing Auth.*, 568 S.W.3d 839, 846 (Ky. 2019). The immunity of governmental and quasi-governmental agencies is referred to as "governmental" as opposed to "sovereign" immunity, although this delineation in terminology is a distinction without a difference. *Id.*

Here, it is acknowledged that BCSO is an agency which may be entitled to sovereign – or governmental – immunity; the issue is whether immunity was waived. The Constitution of Kentucky vests the General Assembly with the authority to waive immunity for the Commonwealth and its agencies. *Benningfield v. Fields*, 584 S.W.3d 731, 736 (Ky. 2019).[6] However, it is well-established that we will find waiver *only* where one is stated "by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction." *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171, 29 S. Ct. 458, 464-65, 53 L. Ed. 742 (1909).

The doctrine of sovereign immunity extends to both tort and contract actions. *Univ. of Louisville v. Martin*, 574 S.W.2d 676, 677 (Ky. App. 1978). In the case herein, most of Johnson's claims arise from his employment contract with BCSO; only one of his claims is not based in contract – the one for unjust enrichment. At this early stage, however, we need not delve too deeply into the merits of Johnson's claim. We must merely determine if BCSO was entitled to immunity or whether a valid waiver applies to this specific claim.

The case herein is like *Lipson v. University of Louisville*, 556 S.W.3d 18 (Ky. App. 2018), in which the parties entered into a written employment

---

[6] "The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth." KY. CONST. § 231.

-5-

agreement. *Id.* Our Court found Lipson could not establish that his written employment contract was violated because he received more total wages than were due him under the terms of his contract. *Id.* at 28. His claims for unjust enrichment were based on documents that were never signed by the University. Accordingly, the Court held:

> Whatever the merits of Lipson's unjust enrichment claim against the University may be, Lipson cannot recover against the University under this equitable remedy because **there is no waiver of immunity for anything other than a written contract**. *See* [*Commonwealth v. Whitworth*, 74 S.W.3d 695, 700 (Ky. 2002)] (holding governmental immunity prevents the enforcement of an oral contract); [*Furtula v. Univ. of Kentucky*, 438 S.W.3d 303, 310 (Ky. 2014)] (holding no waiver of governmental immunity for oral **or implied contracts**). Therefore, the University was properly granted summary judgment in its favor as to Lipson's claim for unjust enrichment.

*Id.* (emphases added).

The doctrine of unjust enrichment is an equitable one for a "contract implied in law" – or an implied contract. *Union Cent. Life Ins. Co. v. Glasscock*, 270 Ky. 750, 110 S.W.2d 681, 686 (1937). It is not based on a "contract obligation in the true sense, but a quasi[-]contract, constructively imported by law, as where one has received money or its equivalent under such circumstances that in equity and in good conscience he ought not to retain it[.]" *Id.* Thus, as pointed out by *Lipson*, there is no waiver of immunity for the unjust enrichment claim, and it may

-6-

not proceed. Thus, to the extent Johnson's claim is one of unjust enrichment, the BCSO must be afforded immunity.

## CONCLUSION

Therefore, and for the foregoing reasons, the order entered by the Boyd Circuit Court is REVERSED to the extent it denied BCSO immunity against Johnson's unjust enrichment claim.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jeffrey C. Mando
Jennifer L. Langen
Covington, Kentucky

BRIEF FOR APPELLEE:

Randall S. Strause
Andrew Williams
Louisville, Kentucky