JOHNSON, JUDGE:
Miles Devon Skeens ("Skeens") appeals from an order of the Jefferson Circuit Court granting the University of Louisville's ("UofL") Motion to Dismiss pursuant to Kentucky Rules of Civil Procedure ("CR") 12.02 for failure to state a claim upon which relief can be granted.
*160 BACKGROUND
This case revolves around the question of whether a stepchild qualifies as a "child" under Kentucky Revised Statutes ("KRS") 164.2841 which grants "[f]ree tuition at state-supported school[s] for survivor[s] of ... firefighter[s] killed in [the] line of duty[.]" Joseph Scott Northup, Sr. ("Northup") was a firefighter in Jessamine County, Kentucky. Northup married Skeens's mother in 1997 when Skeens was six years old. The family lived together in Northup's residence until Northup's death in 2004 with Northup acting as Skeens's father throughout this time via providing emotional and monetary support. Northup claimed Skeens as a taxable dependent from the time of his 1997 marriage to Skeens's mother until his death in 2004.
Upon completion of high school, Skeens attended and graduated from Northern Kentucky University ("NKU"). The Kentucky Fire Commission determined that Skeens was eligible for a tuition waiver pursuant to KRS 164.2841. Skeens applied for the tuition waiver, and the tuition waiver was granted by NKU for the entire four years he attended that institution. After graduating, Skeens worked for two years before making the decision to pursue a law degree. He applied and was accepted into the law school at UofL. UofL, in contrast to NKU, informed Skeens that his status as Northup's stepchild precluded him from a tuition waiver pursuant to KRS 164.2841. Skeens sued UofL in Jefferson Circuit Court, the court granted UofL's Motion to Dismiss, and this appeal followed.
STANDARD OF REVIEW
The Kentucky Supreme Court has stated the appellate standard of review in a Motion to Dismiss case such as this is as follows:
A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint. So a court should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved.... Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief? Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo.
Fox v. Grayson , 317 S.W.3d 1, 7 (Ky. 2010) (internal citations and quotation marks omitted).
ANALYSIS
Skeens contends that he is rightfully eligible for a tuition waiver and UofL erred when it refused to grant him one. Skeens maintains that his stepfather qualifies as a "parent" under KRS 164.2841. Skeens also contends that UofL should be estopped from denying Skeens a tuition waiver because NKU and the Kentucky Fire Commission, two state actors, have already determined that he, in fact, does qualify for a tuition waiver pursuant to KRS 164.2841.
The parties agree that Northup qualifies under KRS 164.2841 as a firefighter who died in the line of duty, thus making his children eligible for a tuition waiver at state-sponsored universities. The question on review is whether Skeens qualifies as Northup's child under KRS 164.2841(1)(b). The portions of KRS 164.2841 relevant to this case read as follows:
(1)(b) In order to obtain the benefits conferred by paragraph (a) of this subsection, the parent-child relationship shall be shown by birth certificate, adoption papers, or other documentary evi dence.
*161 The spousal relationship shall be shown by a marriage certificate or other documentary evidence. The parent's or spouse's service and the cause of death shall be evidenced by certification from the records of the Kentucky Justice and Public Safety Cabinet, the appropriate city or county law enforcement agency which employed the deceased, the administrative agency for the fire department or fire protection district recognized for funding under KRS 95A.262, or the administrative agency having jurisdiction over any paid firefighters of all counties and cities of all classes.
(Emphasis added.)
In essence, we are tasked with determining the proper interpretation of the above-underlined portions in respect to a challenge that stepchild status in relation to a fallen firefighter should qualify that firefighter as a "parent" per KRS 164.2841(1)(a).
KRS 164.2841 does not define "parent," but in determining the meaning of "parent," we must liberally construe statutes with a view toward promoting their objects and carrying out the intent of the legislature pursuant to KRS 446.080(1). In determining the intent of the legislature, our analysis is greatly simplified based on 739 Kentucky Administrative Regulations ("KAR") 2:040, "Survivor benefits for death of a firefighter." 739 KAR 2:040 states, in relevant part, "Section 1. Definitions. (1) 'Child or children' means a: (a) Biological child or children, including a child or children born after the firefighter's death; (b) Stepchild or stepchildren; and (c) Legally adopted child or children." A stepchild is treated identically to a natural-born child pursuant to this administrative regulation and we see no reason to define the parent-child relationship any differently.
Skeens was rightly qualified for a tuition waiver pursuant to KRS 164.2841, and UofL erred when it refused to grant him one.
Since we have reversed this matter based on the first issue on appeal, we therefore need not address the remaining arguments.
CONCLUSION
Based upon the foregoing, the Jefferson Circuit Court's Order is REVERSED and the matter is REMANDED to the trial court which shall proceed in light of this Opinion.
ALL CONCUR.