RENDERED: AUGUST 19, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0604-MR

CHRISTOPHER D. THOMAS                                        APPELLANT


APPEAL FROM FRANKLIN CIRCUIT COURT
v.        HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 20-CI-01007


EDUCATION PROFESSIONAL STANDARDS[1]
BOARD AND KENTUCKY PERSONNEL BOARD        APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; CETRULO AND K. THOMPSON, JUDGES.

CETRULO, JUDGE: Christopher D. Thomas ("Thomas"), *pro se*, appeals from

the order of the Franklin Circuit Court dismissing his claims against the Education

---

[1] We utilize the spelling of Education Professional Standards Board as it appears in the record on appeal.

Professional Standards Board ("Education Board") and the Kentucky Personnel Board ("Personnel Board"). Finding no error, we affirm.

## BACKGROUND

We recognize the right to represent oneself *pro se* in certain legal matters. *Taylor v. Barlow*, 378 S.W.3d 322, 326 (Ky. App. 2012). Additionally, we appreciate "the importance of hearing cases on the merits and preserving the constitutional right to an appeal[.]" *Ky. Farm Bureau Mut. Ins. Co. v. Conley*, 456 S.W.3d 814, 818 (Ky. 2015). Therefore, we have done our best to find all applicable legal arguments and to discover the *relevant* facts. However, our review is limited to the *specific order on appeal* as it relates to the *named* Appellees, the Education Board and the Personnel Board.

Thomas admits to being terminated from his position at the Kentucky Energy and Environment Cabinet ("Cabinet")[2] in 2013. He appealed that termination to the Personnel Board, Appeal No. 2013-291 ("Forestry Appeal"). He also admits to being terminated from Mammoth Cave National Park ("Mammoth Cave") in 2017. While both terminations were a result of alleged misconduct, he contests the validity of those terminations and has had other pending legal actions – in state and federal court – as a result of those terminations.

---

[2] This position, specifically, was within the Kentucky Division of Forestry, a department within the Kentucky Energy and Environment Cabinet.

In February 2019, Thomas completed an application for an emergency substitute teaching certificate.  The application included a Character and Fitness section which asked, "Have you ever resigned, entered into a settlement agreement, or otherwise left employment as a result of [an] allegation of misconduct?"  Thomas answered "no."  The application was approved, and he was issued an emergency certificate for substitute teaching.  The certificate expired, without issue, in June 2019.

In September 2019, Thomas again applied for an emergency certificate for substitute teaching.  He reported no new information, and as the Education Board had already reviewed his information, his application was processed and approved.  Approximately one month later, in October 2019, Thomas self-reported – to the Education Board – his termination from the Cabinet in 2013 and the resulting Forestry Appeal.  The Education Board reviewed the matter and – upon a determination that a violation of KRS[3] 161.120 may have occurred – initiated an investigation.  *Education Board Administrative Action No. 20-EPSB-0067 Agency Case No. 1910983* ("Administrative Action").  Through the course of the Administrative Action, the Education Board determined that Thomas failed to report two previous employment terminations on both of his applications for certification.  Despite this determination, the Education Board stated that the

---

[3] Kentucky Revised Statute.

charges were dismissed without disciplinary actions, and Thomas's temporary teaching certificate remained active throughout the review process.

In December 2020, Thomas filed a complaint with the Franklin Circuit Court against the Education Board and the Personnel Board. Therein, Thomas made numerous claims chiefly originating from the Education Board's Administrative Action (relating to his emergency teaching certificate applications) and the Personnel Board's Forestry Appeal (challenging his 2013 termination). In March 2021, the circuit court held a hearing[4] on the matter, and in April the Franklin Circuit Court addressed all open motions. The circuit court: a) granted the Personnel Board's motion to dismiss; b) granted the Education Board's motion to dismiss; c) denied Thomas's motion to amend the complaint; d) denied his motion to dismiss the Education Board's Administrative Action; and e) denied his motion for extension of time.

## ANALYSIS

On appeal, Thomas argues numerous claims, some applicable, others not; most of Thomas's appellate brief is spent arguing the validity of the terminations, a matter beyond the scope of this review. Relevantly, it appears Thomas is challenging the circuit court order as it relates to the two granted motions to dismiss; accordingly, we will address each motion to dismiss in turn.

---

[4] A video copy of the hearing was not included in the record on appeal.

-4-

## A. Personnel Board

We agree with the circuit court that "[i]t is difficult to ascertain what specific claims" Thomas is arguing but it appears that he is "taking issue with the July 16, 2014, Final Order issued by the Personnel Board and making arguments related to its validity and publication."[5]  More specifically, it appears Thomas is suing the Personnel Board because the online records of the action are causing him harm.  While Thomas argues that these claims are new and ongoing, we agree with the circuit court that they are rooted in the final order of the Personnel Board.

After Thomas's 2013 termination, he filed his Forestry Appeal based on gender discrimination.  Due process was satisfied:  after proper notice and a hearing, the Personnel Board's final order determined that Thomas failed to establish that gender discrimination was the cause of his probationary dismissal. The Personnel Board's May Order informed Thomas that if he was dissatisfied, there were steps he could take to contest the Personnel Board's decision:

> Pursuant to KRS 13.B110(4), each party shall have fifteen (15) days from the date of this Recommended Order is mailed within which to file exceptions to the Recommended Order with the Personnel Board. . . . Failure to file exceptions will result in preclusion of judicial review of those issues not specifically excepted to.  On appeal, a circuit court will consider only the issues a party raised in written exceptions.  See *Rapier v. Philpot*, 130 S.W.3d 560 (Ky. 2004).

---

[5] The July 16, 2014 final order affirmed – with one alteration – the findings of fact, conclusions of law, and recommended order of the hearing officer dated May 19, 2014 ("May Order").

-5-

. . . .

> Each Party has thirty (30) days after the date the Personnel Board issues a Final Order in which to appeal to the Franklin Circuit Court pursuant to KRS 13B.140 and KRS 18A.100.

However, it appears Thomas did not file any of the exceptions and/or allegations specifically authorized by KRS 13B.150 to preserve his appeal. Neither did he contest the final order in Franklin Circuit Court until he filed his complaint in December 2020, more than six years after the Personnel Board finalized the appeal. Consequently, the circuit court found that Thomas's time to appeal the final order had elapsed and his claims must be dismissed due to a lack of jurisdiction. Jurisdiction is a question of law, and our review is *de novo*. *Commonwealth v. B.H.*, 548 S.W.3d 238, 242 (Ky. 2018) (citation omitted).

Now, Thomas states, "I had no means or obligation to continue appealing a 'no-fault' termination simply to prove discrimination. I cannot be faulted for attempting to walk away from the traumatic ordeal." While "walking away" was a legitimate personal choice, that choice now bars him from pursuing these various claims against the Personnel Board and appealing the Personnel Board's final order.

KRS 13B.140(1) allows *30 days* to appeal all final orders of an agency to the appropriate circuit court. Strict compliance under these circumstances is required. *Bd. of Adjustments of City of Richmond v. Flood*, 581

-6-

S.W.2d 1, 2 (Ky. 1978). Thomas attempts to defend his delay by stating that he did not know the final order would be posted on the Personnel Board's website until his 2017 termination from Mammoth Cave.[6] However, timing aside, the Personnel Board posted that final order on its website in accordance with KRS 18A.070(5)[7] and KRS 18A.095(27).[8] We agree with the circuit court that "records of the Personnel Board are public record." *See* KRS 18A.070(5). Therefore, we agree with the Franklin Circuit Court that Thomas is not entitled to the relief sought and the Personnel Board's motion to dismiss was properly granted.

## B. Education Board

> A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint. So a court should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved. . . . Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief? Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo.

---

[6] Albeit unnecessary, Thomas does not explain his delay between learning this in 2017 and filing his action in circuit court in late 2020.

[7] "All records of the board shall be public records and open to public inspection as provided in KRS 61.870 to 61.884." KRS 18A.070(5).

[8] "After a final decision in a contested case has been rendered by the last administrative or judicial body to which the case has been appealed, the board shall make the decision available to the public in electronic format on its Web site and shall organize the decisions according to the statutory basis for which the appeal was based." KRS 18A.095(27).

*Skeens v. Univ. of Louisville*, 565 S.W.3d 159, 160 (Ky. App. 2018) (quoting *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010)).

The Education Board launched the Administrative Action because Thomas failed to honestly report his prior terminations during the certification process. Thomas's failure constituted a violation of the Professional Code of Ethics for Kentucky Certified School Personnel pursuant to KRS 161.120 and 16 KAR[9] 1:020. Thomas contends that the two terminations were not valid, and therefore he had no obligation to report them to the Education Board. Although his argument is a tangled web, it appears from the record that he is under the misconception that the Education Board moved forward with the review process for reasons other than his lack of candor. "The [Education Board] formed their derogatory charges and allegations without having sufficient knowledge to do so and refused to acknowledge the appeals were protected. I could not defeat the [Education Board's] frivolous and baseless charges. . . . The [Education Board's] allegations are fraudulent, no matter where they originated." It is unclear what "baseless charges" Thomas refers to; and it appears that he fails to recognize the error of his omission. Despite this, after the Education Board's investigation, it drafted an agreed order allowing Thomas to continue teaching if he completed an ethics course, an educator preparation program, and a two-year probationary period

---

[9] Kentucky Administrative Regulation.

without further disciplinary action. It is unclear from the record why Thomas did not sign and agree to that settlement if he wished to remain teaching.

Thomas has not shown, in any way, that the Education Board acted in violation of Kentucky law. The Education Board may act within KRS 161.120 when taking disciplinary actions relating to teaching certificates:

> [T]he [Education Board] may revoke, suspend, or refuse to issue or renew. . . any certificate or license issued under any previous law to superintendents, principals, teachers, substitute teachers, interns, supervisors, directors of pupil personnel, or other administrative, supervisory, or instructional employees for . . .
>
> (i) Making, or causing to be made, any false or misleading statement or concealing a material fact in obtaining issuance or renewal of any certificate[.]

KRS 161.120(1).

Additionally, Thomas challenges the circuit court's determination that he failed to establish a cause of action for defamation and failed to state a claim upon which relief can be granted because the Education Board is entitled to immunity. However, the circuit court addressed these issues thoroughly, and, upon review, we agree with its disposition. As such, there is no need to expound upon its analysis; and accordingly, we adopt its analysis as follows:

> First, the [Education Board] claims that it is entitled to immunity in this action. The Court agrees. "State agencies performing government functions are clothed in immunity." *Jacobi v. Holbert*, [553] S.W.3d 246, 254

(Ky. 2018) (citing *Autry v. Western Kentucky University*, 219 S.W.3d 713, 717 (Ky. 2007)). The [Education Board] correctly identified the three (3) factors set forth in *Jacobi* that must be used to identify if the Education Board is a state agency: (1) is the [Education Board] a legislatively-created body; (2) is the [Education Board] performing an essential governmental function, rather than a proprietary function; and (3) is the [Education Board] supported by the state treasury. *Id*. at 254-56.

The [Education Board] is clearly a legislatively-created body that is performing an essential governmental function. KRS 161.028 provides:

> The [Education Board] is recognized to be a public body corporate and politic and an agency and instrumentality of the Commonwealth, in the performance of essential governmental functions.

KRS § 161.028(1). Further, in affirmation that the [Education Board] is performing an essential governmental function, by initiating the administrative hearing process, the [Education Board] is fulfilling its statutorily mandated duties. Anyway, "[a] proprietary function is of the type normally engaged in by business or corporations and will likely include an element of conducting an activity for profit." *Jacobi*, 533 S.W.3d at 255 (quoting *Caneyville Volunteer Fire Dept. v. Green's Motorcycle Salvage, Inc*., 286 S.W.3d 790, 804 (Ky. 2009) (citing *Schwindel v. Meade County*, 113 S.W.3d 159, 168 (Ky. 2003))). The Court agrees with the [Education Board] that by initiating the administrative action, giving [Thomas] due process before taking any statutorily-authorized action against him, the [Education Board] did not engage in a proprietary function. Lastly, the state treasury supports the [Education Board]. *See* 2020 Ky. Act ch 92. The [Education Board] is part of the Department of Education, which receives its funding from the General Fund, the Restricted Fund, and from

-10-

Federal Funds. Accordingly, the Court finds that the [Education Board] is entitled to immunity in this matter.

Moreover, the [Education Board] reasons that [Thomas] fails to state an actionable claim for defamation. The Court agrees. The [Education Board] correctly identified the four (4) elements required to establish a cause of action for defamation:

> (a) a false and defamatory statement concerning another;
>
> (b) an unprivileged publication to a third party;
>
> (c) fault amounting at least to negligence on the part of the publisher; and
>
> (d) either actionability of the statement irrespective of special harm or the existence of special harm cause[d] by the publication.

*Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276, 282 (Ky. 2014) (quoting Restatement (Second) of Torts § 558 (Am. Law Inst. 1977)).

The [Education Board] argues that [Thomas] has failed to identity a false and defamatory statement made by the [Education Board]. Rather, the [Education Board] asserts that [Thomas] identifies statements made by former coworkers, former superiors, hearing officers, and a federal Administrative Law Judge. The [Education Board] is correct. None of these statements are attributable to the [Education Board]. Thus, [Thomas] has failed to meet the first element.

[Thomas] has also failed to meet the second element. Administrative bodies, such as the [Education Board], that hold quasi-judicial powers, like the power to issue and sanction a professional license, are entitled to absolute privilege. This form of absolute privilege was

-11-

confirmed in *McAlister & Co. v. Jenkins*, when the former Kentucky Court of Appeals held that because the members of the real estate commission were "expressly required by law to conduct [the] hearing and make a finding, they were entitled to the exemption afforded by the rule of absolute privilege." 284 S.W. 88, 91 (Ky. Ct. App. 1926). The *McAlister* Court noted that quasi-judicial bodies have regularly been entitled to absolute privilege to their communications or publications made while exercising these powers. *Id*. The [Education Board] initiated the administrative action in accordance with its statutory obligation. Thus, the Court agrees that its actions are protected by absolute privilege.

Because [Thomas] has failed to meet the first two (2) elements of the *Toler* [test], he has failed to state a claim for defamation against the [Education Board]. Therefore, since the [Education Board] is entitled to immunity and [Thomas] has failed to state an actionable claim for defamation, the Court **GRANTS** the [Education Board's] *Motion to Dismiss*.

Accordingly, we agree with the Franklin Circuit Court that Thomas is not entitled to the relief sought and the Education Board's motion to dismiss was properly granted.

Finally, Thomas argues that the circuit court failed to address his plethora of other claims – harassment, retaliation, libel, slander, indecent exposure, reckless driving, humiliation, "allegations of fornication," "illicit phone use," violation of the Whistleblower Act, and violations of the Kentucky Civil Rights Act – but those claims are either non-legal, frivolous, related to matters outside the

order on appeal, and/or are against parties not named in this appeal; and, therefore, they are beyond the scope of this review.

## CONCLUSION

For the foregoing reasons, we AFFIRM the Franklin Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Christopher D. Thomas, *pro se*
Morgantown, Kentucky

BRIEF FOR APPELLEE
EDUCATION PROFESSIONAL
STANDARDS BOARD:

BreAnna Listermann
Frankfort, Kentucky