RENDERED: SEPTEMBER 23, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1388-MR

WORD OF GOD FELLOWSHIP, INC.,
D/B/A DAYSTAR TELEVISION
NETWORK                                                                APPELLANT

v.

APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE A. C. MCKAY CHAUVIN, JUDGE
ACTION NO. 21-CI-005631

BOB RODGERS MINISTRIES, INC.
AND EVANGEL WORLD PRAYER
CENTER OF KENTUCKY, INC.                                   APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND GOODWINE, JUDGES.

GOODWINE, JUDGE: Word of God Fellowship, Inc., d/b/a Daystar Television

Network ("Daystar") appeals from an order of the Jefferson Circuit Court

dismissing its claims against Evangel World Prayer Center of Kentucky, Inc.

("Evangel"). The circuit court dismissed Daystar's claims against Evangel without

allowing Daystar an opportunity to respond or be heard. Based on our review, we reverse and remand for further proceedings.

On October 4, 2021, Daystar filed a complaint against Evangel and Bob Rodgers Ministries, Inc. On October 25, 2021, Evangel filed a motion to dismiss. On October 29, 2021, the circuit court entered an order granting the motion and dismissed Daystar's claims against Evangel with prejudice. Daystar appealed. As this matter is purely procedural, we need not delve further into the facts of this case.

On appeal, Daystar argues it: (1) was entitled to respond and an opportunity to be heard on the motion to dismiss; and (2) stated valid claims against Evangel. We review motions to dismiss *de novo*. *Skeens v. University of Louisville*, 565 S.W.3d 159, 160 (Ky. App. 2018) (quoting *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010)).

First, Daystar argues it was entitled to respond to the motion and be heard. Evangel agrees dismissal was premature. Motions to dismiss under CR[1] 12.02 "must be served on non-moving parties, who are given time to respond, and a hearing is required." *Storer Communications of Jefferson Cnty., Inc. v. Oldham Cnty. Bd. of Educ.*, 850 S.W.2d 340, 342 (Ky. App. 1993). Additionally, Daystar

---

[1] Kentucky Rules of Civil Procedure.

asserts the circuit court failed to adhere to the local rule on motions to dismiss.

Jefferson Circuit Court (JRP) Rule 401 provides:

> Motions to dismiss, for judgment on the pleadings, and for summary judgment shall not be noticed for motion hour but shall be filed with a memorandum of authority not exceeding twenty-five (25) pages in length, in type no smaller than 12-point. *An opposing party shall have twenty (20) days from the certification date on the motion to respond.* A reply may be filed no later than ten (10) days after the filing of a response and shall not exceed five (5) pages in length, in type no smaller than 12-point. Prior to notice of submission, counsel may request oral argument. Counsel shall file Form AOC-280, Notice of Submission of Case for Final Adjudication, when the case is ready for submission.

(Emphasis added.)

In an unpublished case, *Gaines v. Nichols*, No. 2011-CA-000413-MR, 2011 WL 6260365 (Ky. App. Dec. 16, 2011), this Court held "JRP 401 carries the force of a Kentucky Rule of Civil Procedure, and that [plaintiffs] were not availed of the full 20 day period to respond to the motions to dismiss."[2] This Court reversed the order dismissing the action and remanded the matter for further proceedings.

Here, Evangel filed its motion to dismiss, and the circuit court granted it four days later. Based on our review, the circuit court did not follow established

---

[2] CR 76.28(4) ("[U]npublished Kentucky appellate decisions, rendered after January 1, 2003, may be cited for consideration by the court if there is no published opinion that would adequately address the issue before the court.").

precedent requiring an opportunity to respond to and be heard on CR 12.02 motions or JRP 401. Thus, we must reverse the order of the circuit court dismissing Daystar's claims against Evangel and remand.

Second, Daystar argues it stated valid claims against Evangel. We cannot address this argument because the circuit court did not permit Daystar to respond to the motion to dismiss. Daystar will have the opportunity to prove the validity of its claims on remand.

For the foregoing reasons, we reverse the order of the Jefferson Circuit Court dismissing Evangel and remand with instructions to allow Daystar to respond to the motion, hold a hearing, and follow JRP 401 in addressing the motion to dismiss.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Brad S. Keeton
Connor B. Eagan
Louisville, Kentucky

BRIEF FOR APPELLEE:

Stephen B. Pence
Louisville, Kentucky